JULIO GODREAU CO., RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de una escritura de compraventa.

No. 215.—Resuelto en julio 24, 1915.

INSCRIPCIÓN DE TÍTULOS—DEBER DEL REGISTRADOR—ARTÍCULOS DE LA LEY EN QUE SE BASA—PRESUNCIÓN.—Cuando el registrador deniega alguna inscripción o anotación es su deber hacer constar claramente los verdaderos motivos de su negativa, citando los artículos de la ley en que se basa, y no dejar al recurrente que los presuma.

CORPORACIONES DEL PAÍS—DIRECTORES DE LA CORPORACIÓN—EMISIÓN DE ACCIONES DE CAPITAL POR MENOS DE SU VALOR NOMINAL.—Cualquiera que sea la verdadera significación del artículo 18 de la Ley de marzo 11, 1911, por él no se prohíbe expresamente a los directores de una corporación la emisión de acciones de capital por menos de su valor nominal.

ID.—EMISIÓN DE ACCIONES—INSCRIPCIÓN—NULIDAD.—Cuando un documento de la naturaleza del del caso de autos se presenta al registrador no está éste obligado a denegar la inscripción, a menos que sea nulo por su propia faz.

INSCRIPCIÓN DE TÍTULOS—CONTRATOS—REQUISITOS ESENCIALES DEL CONTRATO—RESCISIÓN DEL CONTRATO.—Cuando el contrato contiene todos los requisitos

esenciales del artículo 1228 del Código Civil, o sea el consentimiento de las partes contratantes, objeto cierto y causa, el registrador no debe negar la inscripción por el hecho de que pueda ser rescindible.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José C. Ramos.*

El registrador recurrido, Sr. Felipe Cuchí Arnau, compareció en nombre propio.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El presente es un recurso gubernativo interpuesto contra la negativa del Registrador de la Propiedad de Guayama a inscribir una escritura de compraventa por la cual Julio Godreau Lanausse vendió a "Julio Godreau Co.," una corporación del país, ciertas parcelas de terreno por el precio expresado de $39,000, y recibió como equivalente de dicho precio noventa y tres acciones del capital autorizado de la corporación de valor nominal de $1,000 cada una. La nota del registrador es la siguiente:

"Denegada la inscripción de este documento porque el contrato de compraventa que en él se comprende está prohibido a las corporaciones organizadas en esta isla, bajo la ley de 9 de marzo de 1911, toda vez que Don Guillermo Godreau Manatou, tesorero de la corporación Julio Godreau Co., adquiere a nombre de ésta terrenos valuados en $39,000, por 93 acciones de mil dólares cada una como parte del capital autorizado de la corporación; haciéndose constar también el defecto subsanable de no acreditarse la representación de Don Guillermo Godreau para comparecer a nombre de dicha corporación. Guayama, diciembre catorce de mil novecientos catorce. El Registrador, Felipe Cuchí Arnau."

La forma de esta negativa es por sí defectuosa puesto que el registrador no citó al presentante del documento ningún artículo determinado de la ley de marzo 9, 1911, ni podía descubrirse por el lenguaje usado el fundamento esencial de su negativa. Fué algo difícil para el recurrente presumir las razones en que se fundaba el registrador y consideró varias cuestiones además de la que realmente aparece en-

vuelta en este caso.    Subsiguientemente radicó el registrador su alegato y ahora conocemos sus razones, pero el caso hubiera sido mejor presentado por el recurrente si el registrador le hubiera informado de cuáles eran los verdaderos motivos de su negativa como lo exige la ley.

El registrador basa en resumen su negativa en la razón de que los directores de una corporación no tienen derecho a vender sus acciones por menos de su valor nominal y se funda, al parecer, en el artículo 18 de la ley de marzo 11, 1911, y en la ley general sobre corporaciones.    El artículo a que se ha hecho referencia prescribe lo siguiente:

"Artículo 18. *Ingreso del capital social.*—Salvo en la forma prescrita por este artículo, no se considerará como pago de parte alguna del capital social de una corporación organizada bajo esta ley sino el que se efectúe en dinero.    Toda corporación organizada según esta ley podrá comprar las propiedades que necesitare para sus negocios o acciones en el capital de cualquiera otra corporación o corporaciones que sea dueña de propiedades necesarias para sus operaciones, pudiendo emitir acciones en pago de ellas hasta la ascendencia del valor de dichas compras; las acciones así emitidas constituirán capital ingresado íntegramente, y estarán exentas de todo nuevo llamamiento, ni se hallará el tenedor de ellas sujeto a nuevo pago, con arreglo a las prescripciones de esta ley; y a no mediar fraude en la operación, se tendrá por concluyente la apreciación de los directores respecto al valor de las propiedades compradas.    En todos los estados e informes de la corporación que se publicaren o archivaren, estas acciones se harán constar de conformidad con los hechos y no como emitidas por dinero pagado a la corporación."

Cualquiera que sea la verdadera significación de este artículo, por él no se prohibe expresamente la venta de acciones de capital por menos de su valor nominal, pero el registrador sostiene que el permitir a una corporación hacer esta venta sería admitir el hecho de que los directores de una corporación tienen poder para fijar el precio de las acciones de la corporación que representan en menos de su valor nominal contra lo dispuesto en sus cláusulas de incorporación y el estatuto de Puerto Rico; y cita el tomo 10 de Cyc., página 461, y el

caso de *Warne* v. *Meyer,* 38 Fed., 191, con el fin de probar que los directores de una corporación no tienen derecho a emitir acciones por menos de su valor nominal y que un contrato con tal objeto es nulo.

Sea esto como fuere, no consta lo más mínimo de la faz de la escritura que sugiera la idea de que el contrato, cualquiera que sea su verdadera naturaleza, es enteramente nulo. Las personas con derecho a quejarse son los acreedores o accionistas y ellos tienen su remedio bajo la ley. Y las autoridades demuestran que generalmente las cortes negarán su protección si no han sufrido perjuicio los demandantes.

Todas éstas son cuestiones que ha de considerar una corte. El registrador no está obligado a denegar la inscripción de una escritura de esta clase a menos que sea nula por su propia faz. El contrato contiene todos los requisitos esenciales del artículo 1228 del Código Civil, o sea el consentimiento de las partes contratantes, objeto cierto y causa. El registrador no está en la obligación de negar la inscripción porque el contrato tal vez pueda ser rescindible. Debe revocarse la nota recurrida.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.