LIZARDI, RECURRENTE, v. EL REGISTRADOR DE CAGUAS, RECURRIDO.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas denegando una inscripción de compraventa con pacto de retro.

No. 294.—Resuelto en febrero 24, 1917.

VENTA CON PACTO DE RETRO—RETROVENTA—PRÉSTAMOS CON GARANTÍA HIPOTECARIA—ADJUDICACIÓN DE LA FINCA AL HIPOTECANTE POR INCUMPLIMIENTO DEL CONTRATO.—La nulidad a que se refiere la sección 2ª. de la Ley No. 47, de abril 13, 1916, tiene lugar cuando la venta con pacto de retro constituye un contrato de préstamo con garantía.

ID.—USURA—PRESUNCIONES CONCLUYENTES.—Las presunciones establecidas en la sección 1ª. de la Ley No. 47, de abril 13, 1916, lo son en favor del vendedor y le dispensan de toda prueba según el artículo 1218 del Código Civil, pero no siendo concluyentes por no existir en la ley precepto alguno que expresamente lo prohiba, conforme los artículos 1219 del Código Civil y 100 de la Ley de Evidencia de 9 de marzo de 1905 pueden ser controvertidas mediante otra evidencia directa o indirecta.

ID.—PRESUNCIÓN JURIS TANTUM—INSCRIPCIÓN EN EL REGISTRO DEL DERECHO HIPOTECARIO—PROCEDIMIENTO SUMARIO HIPOTECARIO.—La presunción *juris tantum* de que toda venta de propiedad inmueble con pacto de retro constituye un contrato de préstamo con garantía hipotecaria en los casos especificados por la ley de 13 de abril de 1916, no crea real y positivamente el derecho hipotecario a favor del comprador, pues ese derecho sin que sea declarado tal

por tribunal competente no puede ser inscrito en el registro aunque lo solicite el presunto acreedor, ni éste puede iniciar el procedimiento sumario establecido por la ley hipotecaria y su reglamento para perseguir el cobro del préstamo garantizado con hipoteca. La ley ha establecido dicha presunción para que, cuando se impugne en juicio la validez de la venta con pacto de retro, constituya, si no se destruye, prueba de la simulación alegada.

Id.—Requisitos Esenciales de los Contratos—Nulidad de Contrato—Denegatoria de Inscripción.—Cuando el contrato de compraventa con pacto de retro que se pretende inscribir contiene todos los requisitos esenciales del artículo 1228 del Código Civil, o sea, consentimiento de los contratantes, objeto cierto, materia del contrato y causa de la obligación, esto es, cuando la nulidad del mismo no aparece evidente de su faz, pues la presunción que pudiera viciarlo de nulidad de acuerdo con la Ley 47 de 13 de abril de 1916 no es concluyente y puede ser discutida por las partes, el registrador no está obligado a denegar la inscripción.

Recurso Gubernativo—Fraude—Cuestiones Judiciales.—Si la denegatoria del registrador envuelve una cuestión de fraude, ella debe ser resuelta por tribunal competente y en el correspondiente juicio, con audiencia de las partes. El registro no es el sitio para juzgar asuntos que entrañan hechos a discutir, ni pueden tampoco resolverse en recurso gubernativo.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Joaquín Vendrell.*

El registrador recurrido, Sr. Emigdio S. Ginorio, compareció en nombre propio.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Siendo acreedor Sergio Lizardi Argüeso de María del Carmen Berríos y Polo, por la suma de $200 y $55 que la segunda había recibido del primero en calidad de préstamo según escrituras públicas otorgadas con fechas 17 de marzo y 15 de abril de 1916, mediante las cuales la deudora garantizó sucesivamente el pago de dichas sumas con primera y segunda hipoteca, constituídas sobre una casa de su propiedad radicada en la calle de Santiago del pueblo de Gurabo, dicho acreedor, por escritura de 28 de agosto de 1916, canceló ambas hipotecas mediante pago por la deudora de los dos créditos que garantizaban; y en la misma escritura la deudora Carmen Berríos y Polo vendió al·acreedor Sergio Lizardi Argüeso la casa mencionada por precio de $600 que la vendedora confesó haber recibido del comprador, estableciéndose el pacto de que la vendedora podría redimir la finca dentro del plazo

de siete meses a vencer el 31 de marzo de 1917, transcurrido el cual sin que la vendedora hubiere hecho uso del derecho de retención la venta quedaría irrevocablemente consumada. La escritura contiene además una cláusula marcada con la letra F en la cual se consigna que desde su fecha el comprador entra en la posesión material de la finca enajenada sin otro título que el otorgamiento de la escritura; y por ella además Sergio Lizardi Argüeso da en arrendamiento la casa a María del Carmen Berríos y Polo por el canon mensual de $6 y por término de siete meses, a vencer el día 31 de marzo de 1917 en que vencería también el pacto de retroventa.

Presentada dicha escritura para su inscripción en el Registro de la Propiedad de Caguas, el registrador hizo la cancelación solicitada y denegó la inscripción de la venta por medio de nota que dice así:

"Hecha la cancelación a que se refiere el precedente documento que es la escritura número 66, otorgada en esta ciudad el 28 de agosto último, ante el notario Joaquín Vendrell Joubert al folio 126 del tomo 18 de Gurabo, finca número 609 triplicado, inscripción 13ª.; y denegada la inscripción de venta condicional, incluída en esta misma escritura, por estar comprendida en los casos primero y segundo, sección primera de la ley número 47, para reprimir la usura por lo cual se presume que la citada venta con pacto de retro constituye un contrato de préstamo con garantía hipotecaria, y por resultar que dicho contrato hipotecario es nulo con arreglo a la sección segunda de la misma ley porque en la cláusula C de esta escritura se estipula que, el acreedor Sergio Lizardi quedará dueño absoluto de la finca objeto del contrato en caso de que la deudora María del Carmen Berríos no pague la cantidad adeudada, habiéndose tomado en su lugar respecto a dicha venta anotación preventiva por término de 120 días en la misma inscripción 13ª. Caguas, septiembre 5 de 1916. Emigdio S. Ginorio, Registrador."

Esa nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto por Sergio Lizardi Argüeso en la parte relativa a la denegatoria de inscripción.

Las secciones 1 y 2 de la Ley No. 47 de 13 de abril de 1916

que invoca el registrador para sostener la nota recurrida, dicen así:

"Sección 1.—Toda venta de propiedad inmueble con pacto de retroventa se presumirá que constituye un contrato de préstamo por el montante del precio, con garantía hipotecaria de la finca vendida, en cualquiera de los casos siguientes:

"*Primero*. Cuando el comprador no hubiere entrado en posesión material de la cosa vendida.

"*Segundo*. Cuando el vendedor pague interés al comprador por el precio de la venta, aunque se denomine canon de arrendamiento o se le dé otro nombre cualquiera.

"*Tercero*. Cuando se hiciere figurar en el contrato como precio de enajenación una cantidad enteramente inadecuada.

"Sección 2.—Se declara nulo el pacto autorizando al hipotecario para adjudicarse la finca del hipotecante por virtud de incumplimiento del contrato garantizado con la hipoteca."

Esa ley fija en su sección 1.ª tres casos en los cuales debe presumirse que toda venta de propiedad inmueble con pacto de retroventa constituye un contrato de préstamo con garantía hipotecaria sobre la finca vendida y en su sección 2.ª declara nulo el pacto autorizando al acreedor hipotecario para adjudicarse la finca del hipotecante por virtud del incumplimiento del contrato garantizado con la hipoteca. Dicha nulidad indudablemente tiene lugar cuando la venta con pacto de retro constituya un contrato de préstamo hipotecario.

Las presunciones a que hemos hecho referencia, como establecidas por la ley, dispensan de toda prueba a los favorecidos por ellas según el precepto del artículo 1218 del Código Civil, y los favorecidos son indudablemente los vendedores; pero como las presunciones establecidas por la ley, según el artículo 1219 del mismo código, pueden destruirse por la prueba en contrario, excepto en los casos en que aquélla expresamente lo prohiba, prohibición que no establece la ley de 13 de abril de 1916, es claro que los compradores pueden acogerse a ese beneficio.

Conforme con los anteriores preceptos, establece el artículo 100 de la Ley de Evidencia de 9 de marzo de 1905, que

una presunción, a menos que la ley no la hubiere declarado concluyente, puede controvertirse mediante otra evidencia directa o indirecta y de no serlo así, será obligación del juez o jurado pronunciar su veredicto o fallo de acuerdo con la presunción.

La presunción, *juris tantum,* de que toda venta de propiedad inmueble con pacto de retro constituye un contrato de préstamo con garantía hipotecaria en los casos especificados por la Ley de 13 de abril de 1916, no crea real y positivamente el derecho hipotecario a favor del comprador, pues ese derecho sin que sea declarado tal por tribunal competente no puede ser inscrito en el registro aunque lo solicite el presunto acreedor, ni éste puede iniciar el procedimiento sumario establecido por la Ley Hipotecaria y su Reglamento para perseguir el cobro del préstamo garantido con hipoteca. La ley ha establecido dicha presunción para que, cuando se impugne en juicio la validez de la venta con pacto de retro, constituya, si no se destruye, prueba de la simulación alegada.

El contrato de compraventa con pacto de retro, cuya inscripción ha sido denegada, contiene todos los requisitos esenciales del artículo 1228 del Código Civil, o sea, consentimiento de los contratantes, objeto ciérto materia del contrato y causa de la obligación. La nulidad del mismo no aparece evidente en su faz, pues la presunción que pudiera viciarlo de nulidad y que el registrador invoca, no es concluyente y puede ser discutida por las partes. El registrador no está obligado a negar la inscripción de una escritura a menos que sea nula por su propia faz. *Julio Godreau Co.* v. *El Registrador de Guayama,* 23 D. P. R. 65. La denegatoria del registrador envuelve una cuestión de fraude que debe ser resuelta por tribunal competente y en el correspondiente juicio, con audiencia de las partes. El registro no es el sitio para juzgar asuntos que entrañan hechos a discutir. *Compañía Azucarera de la Carolina* v. *El Registrador,* 19 D. P. R. 152.

No definimos si concurren o no en el presente caso las presunciones primera y segunda a que se refiere la sección 1ª

de la Ley de 13 de abril de 1916, pues esas cuestiones y otras que puedan surgir no deben discutirse y resolverse en un recurso gubernativo. Véanse los casos ya citados, de *Compañía Azucarera de la Carolina* v. *El Registrador,* 19 D. P. R. 152, y de *Julio Godreau Co.* v. *El Registrador de Guayama,* 23 D. P. R. 65.

Por las razones expuestas es de revocarse la nota recurrida y ordenarse la inscripción denegada.

> *Revocada la nota recurrida y ordenada la inscripción que se solicita.*

Jueces concurrentes: Sres. Asociados Wolf y Aldrey.

Los Jueces Asociados Sres. del Toro y Hutchison disintieron.