JUAN SIXTO MARCANO SANTIAGO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

No. 823.—*Sometido:* Noviembre 3, 1930. *Resuelto:* Noviembre 21, 1930.

*R. Cintrón Lastra,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El recurrente Juan Sixto Marcano Santiago compró una finca con pacto de retro siendo inscrita su adquisición en el Registro de la Propiedad de Caguas, y cuando vencido el plazo estipulado para que el vendedor pudiera redimir el predio que enajenó solicitó el comprador que el registrador pusiese en sus libros nota de consumación de la venta dicho funcionario se negó, fundándose en que del registro aparece que en la escritura de venta fué convenido que el vendedor quedase como arrendatario de la finca mediante el canon que convinieron, por lo que esa venta está comprendida en la Ley. No. 47 de 1916, sección 1ª., párrafo segundo, negativa que motiva este recurso.

En lo referente a ventas con pacto de retro dispone la ley citada en su sección 1ª. lo siguiente:

"Toda venta de propiedad inmueble con pacto de retroventa se presumirá que constituye un contrato de préstamo por el montante

del precio, con garantía hipotecaria de la finca vendida, en cualquiera de los casos siguientes:

"*Primero*. Cuando el comprador no hubiere entrado en posesión material de la cosa vendida.

"*Segundo*. Cuando el vendedor pague interés al comprador por el precio de la venta, aunque se denomine canon de arrendamiento c se le dé otro nombre cualquiera.

"*Tercero*. Cuando se hiciere figurar en el contrato, como precio de enajenación, una cantidad enteramente inadecuada."

La cuestión a resolver ahora está implícitamente decidida por este tribunal en el caso de *Lizardi* v. *El Registrador de Caguas*, 24 D.P.R. 863, existiendo sólo la diferencia de que entonces el registrador se negó a inscribir la venta por el mismo motivo que ahora se niega, después de estar inscrita, a poner nota de consumación de ella. Entonces este tribunal revocó la resolución del registrador y le ordenó que inscribiera la venta, diciendo lo siguiente:

"La presunción, *juris tantum*, de que toda venta de propiedad inmueble con pacto de retro constituye un contrato de préstamo con garantía hipotecaria en los casos especificados por la Ley de 13 de abril de 1916, no crea real y positivamente el derecho hipotecario a favor del comprador, pues ese derecho sin que sea declarado tal por tribunal competente no puede ser inscrito en el registro aunque lo solicite el presunto acreedor, ni éste puede iniciar el procedimiento sumario establecido por la Ley Hipotecaria y su Reglamento para perseguir el cobro del préstamo garantido con hipoteca. La ley ha establecido dicha presunción para que, cuando se impugne en juicio la validez de la venta con pacto de retro, constituya, si no se destruye, prueba de la simulación alegada.

"El contrato de compraventa con pacto de retro, cuya inscripción ha sido denegada, contiene todos los requisitos esenciales del artículo 1228 del Código Civil, o sea, consentimiento de los contratantes, objeto cierto materia del contrato y causa de la obligación. La nulidad del mismo no aparece evidente en su faz, pues la presunción que pudiera viciarlo de nulidad y que el registrador invoca, no es concluyente y puede ser discutida por las partes. El registrador no está obligado a negar la inscripción de una escritura a menos que sea nula por su propia faz. *Julio Godreau Co.* v. *El Registrador de Guayama*, 23 D.P.R. 65. La denegatoria del registrador envuelve

una cuestión de fraude que debe 'ser resuelta por tribunal compe-
tente y en el correspondiente juicio, con audiencia de las partes.   El
registro no es el sitio para juzgar asuntos que entrañan hechos a dis-
cutir.   *Compañía Azucarera de la Carolina* v. *El Registrador*, 19
D.P.R. 152.

"No definimos si concurren o no en el presente caso las presun-
ciones primera y segunda a que se refiere la sección 1ª de la Ley de
13 de abril de 1916, pues esas cuestiones y otras que puedan surgir
no deben discutirse y resolverse en un recurso gubernativo.   Véanse
los casos ya citados, de *Compañía Azucarera de la Carolina* v. *El
Registrador*, 19 D.P.R. 152, y de *Julio Godreau Co.* v. *El Registra-
dor de Guayama*, 23 D.P.R. 65."

Esos razonamientos son aplicables al caso presente pues
si una venta en las condiciones dichas es inscribible con igual
razón debe serlo como venta definitivamente mediante la nota
de consumación puesta al transcurrir el término del retro sin
hacerse uso de él, pues una venta en que el vendedor con-
tinúa en la finca como arrendatario no es nula necesariamente
porque la ley no la declara tal, ni constituye necesariamente
un préstamo con garantía hipotecaria de la finca enajenada,
por lo que es inscribible tanto la venta condicionada al retro
como la nota de consumación que la convierte en venta defi-
nitiva por el transcurso del término del retracto.   Es una
venta que por las condiciones en que ha sido hecha tiene la
presunción legal de ser préstamo hipotecario, que por su
naturaleza es *juris tantum* y puede ser controvertida por el
comprador; y como los registradores no están autorizados
para resolver si por estar hecha la venta con alguna de las
circunstancias especificadas en la sección 1ª. de la ley citada
es definitivamente un préstamo y no una venta, por eso es
que deben inscribir tal clase de ventas y también su consu-
mación cuando transcurra el término convenido para poder
retraerla.   El no hacerse la inscripción y la consumación
cuando llegue equivaldría a convertir la presunción *juris tan-
tum* de la ley en otra *juris de jure* bajo la base de que no
puede probarse que a pesar de haber quedado el vendedor en
la finca como arrendatario mediante el pago de un canon sin

embargo el contrato fué verdaderamente de venta y no de préstamo hipotecario. Además, en el presente caso resultaría una anomalía que bajo los mismos hechos la finca fué inscrita aunque sujeta al pacto de retro y que no pueda hacerse constar en el registro que ha expirado el plazo de retro y que se ha consumado la venta.

*Por lo expuesto debe ordenarse la inscripción solicitada.*

Los Jueces, Presidente Señor del Toro y Asociado Señor Hutchison, disintieron.*