PEDRO RODRÍGUEZ VÁZQUEZ, demandante y apelado, *v.* JOSEFA RIVERA VELÁZQUEZ, demandada y apelante.

Núm. 10120. *Sometido:* Abril 3, 1950. *Resuelto:* Abril 27, 1950.

*Gilberto Concepción de Gracia* y *Ubaldo Aponte,* abogados de la apelante; *Leopoldo Rojas Flores,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

El 16 de agosto de 1937 Josefa Rivera Velázquez, siendo dueña de una finca urbana radicada en el pueblo de Barranquitas, otorgó a favor de Joaquín Colón una escritura que calificó de venta con pacto de retro en la cual señalaba como precio de dicha finca la cantidad de $900 y fijaba el término de un año para ejercitar el retracto. Necesitando Joaquín Colón la devolución del precio, el 14 de mayo de 1938 cedió sus derechos en la finca a Pedro Colón, de lo cual fué notificada Josefa Rivera Velázquez, quien a ese solo efecto compareció en la escritura. El 20 de noviembre de 1946 Pedro Colón y su esposa vendieron la finca a Pedro Rodríguez, quien entabló demanda de desahucio contra Josefa Rivera Velázquez. Todas las transacciones antes mencionadas fueron inscritas en el Registro de la Propiedad; pero desde que se otorgó la escritura de 16 de agosto de 1937 hasta la fecha,

la demandada ininterrumpidamente ha venido ocupando la propiedad y ejercitando actos de dominio, tales como el haber arrendado al Municipio de Barranquitas otra casa enclavada en el mismo solar. La demandada alegó en la contestación ser dueña de la finca, ya que, según ella, la escritura de venta con pacto de retro era una de préstamo con hipoteca.

La corte inferior dictó sentencia declarando con lugar la demanda de desahucio y en su opinión expresó que si la demanda hubiera sido interpuesta por cualquiera de los dos primeros compradores, es decir, Joaquín o Pedro Colón, la acción no hubiera procedido porque la transacción hubiera sido considerada como un contrato de hipoteca con arreglo al artículo 1410 del Código Civil; [1] pero que habiendo transcurrido ocho años desde la venta con pacto de retro y apareciendo del Registro que el término para el ejercicio del retracto había expirado, el demandante tenía la condición de tercero quien no podía ser considerado como acreedor hipotecario.

■ Si se tratase de una acción instada antes de la adición del artículo 1410 a nuestro Código Civil, tendríamos que convenir en que no habiéndose ejercitado el derecho de retracto dentro del año estipulado en el contrato, el demandante era dueño absoluto de la finca, y como tal podía establecer la acción de desahucio. Antes de adicionarse ese artículo, nuestra ley aplicable al retracto convencional era igual a la de España. Sus disposiciones contenidas en los artículos 1396 al 1409 del Código Civil de Puerto Rico eran iguales a las de los artículos 1507 al 1520 del Código Civil Español. A su

[1] El artículo 1410 del Código Civil prescribe:

"Toda venta de propiedad inmueble con pacto de retroventa se presumirá que constituye un contrato de préstamo por el montante del precio, con garantía hipotecaria de la finca vendida, en cualquiera de los casos siguientes:

"*Primero:* Cuando el comprador no hubiere entrado en posesión material de la cosa vendida.

"*Segundo:* Cuando el vendedor pague interés al comprador por el precio de la venta, aunque se denomine canon de arrendamiento o se le dé otro nombre cualquiera.

"*Tercero:* Cuando se hiciere figurar en el contrato, como precio de enajenación una cantidad enteramente inadecuada."

amparo grandes abusos cometían los prestamistas inescrupulosos, quienes se aprovechaban de las necesidades del propietario, que confiado en que al vencimiento del plazo estaría en condiciones de ejercitar el retracto, consentía en dar forma de venta con pacto de retro a lo que en realidad era solamente un préstamo con garantía de la propiedad. A tal extremo llegó la opresión, que no faltaron quienes, por razones de orden público, clamaran porque se prohibiese el contrato de venta con pacto de retro. Ejemplificando tales abusos y refiriéndose a dos Sentencias del Tribunal Supremo de España, dice Manresa en sus Comentarios al Código Civil Español, t. 10 (2da. ed. 1908) pág. 309:

"La de 18 de Enero de 1900 enseña que el comprador puede dejar en arrendamiento al vendedor la finca comprada, mediante el pago de una renta determinada, y que si se estipula que la falta de pago de la renta de un año sea causa suficiente de la caducidad del derecho de retraer, el pacto es válido, y ha de producir como natural efecto la extinción de ese derecho al no pagarse cualquiera anualidad. La de 13 de Noviembre de 1906 aun va más allá: aunque se hable de interés y no de renta, el acto debe calificarse de venta con pacto válido y no de préstamo.

"Esta forma de ventas a retro con arrendamiento de la finca al vendedor es la más frecuente. No debe engañar a nadie: es el préstamo disfrazado con la máscara de un contrato de compra con pacto de retro; es una hipoteca, en la que el vendedor pierde la finca si deja de pagar un año el interés."

Fué para remediar esa situación que la Legislatura adicionó al Código Civil el artículo 1410, el cual no tiene concordante en el Código Civil Español. Taxativamente enumera ese artículo los casos en que la venta a retro de propiedad inmueble se presumirá que constituye un contrato de préstamo con garantía hipotecaria. Uno de esos casos es aquél en que, como sucede aquí, el comprador no ha entrado en posesión material de la cosa vendida.

■ Sin embargo, se pone énfasis en que todas las transacciones antes mencionadas aparecen inscritas en el Registro de la Propiedad para concluir que el demandante es un

tercero con arreglo al artículo 34 de la Ley Hipotecaria.(²)
Pero es que el artículo 1410 del Código Civil ha afectado en
tal forma la institución del retracto convencional, que el mero
hecho de que un contrato de venta con pacto de retro se
inscriba en el Registro de la Propiedad, no destruye la pre-
sunción de hipoteca establecida por el referido artículo. El
Registro no se ha creado para amparar el fraude. Sus asien-
tos deben concordar con la realidad jurídica. Por consi-
guiente, una venta con pacto de retro que conlleve la presun-
ción de ser un préstamo con hipoteca, no puede desasirse de
esa presunción por el mero hecho de que el contrato se inscriba
en el Registro de la Propiedad. Esa es consecuencia nece-
saria y natural del artículo 1410. De otro modo, fácil sería
al acreedor frustrar el propósito de la ley vendiendo la finca
a otra persona quien, al vencer el plazo para el retracto sin
ejercitarlo el deudor, se convertiría en dueño absoluto de la
finca. En esa forma lo que en su origen fué una hipoteca,
sin el consentimiento del deudor se trocaría en venta absoluta
por la mera inscripción del contrato.

La circunstancia de haber transcurrido ocho años o
más desde que se otorgó la escritura de venta a retro, no varía
la naturaleza de la transacción realmente celebrada, la cual
siguió siendo una hipoteca, si como cuestión de hecho existió
alguna de las circunstancias enumeradas en el artículo 1410.

No podrá argüirse que no constando del Registro
la existencia de alguna de dichas circunstancias, el deman-

---

(²) El artículo 34 de la Ley Hipotecaria prescribe:

"No obstante lo declarado en el artículo anterior, los actos o contratos
que se ejecuten u otorguen por persona que en el Registro aparezca con
derecho para ello, no se invalidarán en cuanto a tercero, una vez inscritos
aunque después se anule o resuelva el derecho del otrogante en virtud de
título anterior no inscrito o de causas que no resulten claramente del mismo
Registro.

"Solamente en virtud de un título inscrito podrá invalidarse, en per-
juicio de tercero, otro título posterior también inscrito, salvo lo dispuesto
en el artículo 389.

"Lo dispuesto en este artículo no será aplicable en ningún tiempo al
título inscrito con arreglo a lo prevenido en el artículo 390, a menos que la
prescripción haya convalidado y asegurado el derecho a que se refiera
dicho título."

dante es un tercero con arreglo a la Ley Hipotecaria. Aparte de que de los autos resulta que el demandante tenía conocimiento personal de que la demandada estaba en posesión de la finca, sería pueril condicionar la aplicación del artículo 1410 a que de la escritura de venta con pacto de retro constase alguna de las circunstancias que con arreglo a dicho artículo dan lugar a la presunción de que la transacción envuelta es la de préstamo con garantía de la finca. Eso no lo permitiría ningún acreedor que tuviese interés en ocultar la verdadera naturaleza de la transacción.

Es por eso que opinamos que el hecho de que el título de los anteriores dueños fuera de compra con pacto de retro, por sí solo constituyó aviso suficiente al demandante de que podía tratarse de una hipoteca disfrazada bajo la apariencia de una venta con pacto de retro.

En tales circunstancias, el comprador, para convertirse en dueño absoluto, deberá destruir la presunción *juris tantum* establecida por el artículo 1410. *Lizardi* v. *El Registrador de Caguas*, 24 D.P.R. 863 y *Marcano* v. *Registrador*, 41 D.P.R 542. No habiéndolo hecho en este caso, pues en el juicio quedó demostrado que la vendedora siempre había tenido la posesión material de la finca, el demandante no probó que era dueño del inmueble, y no siéndolo, carecía de personalidad para instar el pleito de desahucio.

*Procede revocar la sentencia y declarar sin lugar la demanda, con imposición de costas al demandante.*