ROIG *v.* EL REGISTRADOR DE LA PROPIEDAD.

## RECURSO gubernativo contra nota del Registrador de la Propiedad de Humacao.

No. 108.—Resuelto en enero 25, 1912.

DENEGATORIA DE INSCRIPCIÓN—FUNDAMENTO DE LA NOTA—FACULTADES DE LOS REGISTRADORES.—Recurrida una nota denegatoria de la inscripción de una escritura de servidumbre y revocada dicha nota por el Tribunal Supremo, no tiene facultades un registrador de la propiedad para volver a denegar de nuevo la inscripción de dicha escritura por fundamentos distintos de los consignados en la primera nota, pues es obligación de los registradores reunir en una sola nota todos los motivos legales de su negativa.

RECURSOS GUBERNATIVOS—RESOLUCIONES DEL TRIBUNAL SUPREMO—DOCTRINA DE STARE DECISIS.—Las resoluciones dictadas por el Tribunal Supremo en recursos gubernativos contra notas de los registradores de la propiedad, son ejecutorias y causan estado en el orden administrativo respecto al caso que lo motiva, sin que sea lícito levantar de nuevo el mismo caso con infracción del incontestable principio que prohibe el fallar dos veces el mismo asunto por una misma autoridad.

ID.—PARTES INTERESADAS EN UN RECURSO GUBERNATIVO.—Las únicas partes que pueden intervenir en un recurso gubernativo son la parte realmente interesada que presenta el documento para su inscripción en el registro, y el registrador de la propiedad que deniega la inscripción, según así se desprende de la Ley sobre Recursos Gubernativos de marzo 1, 1902, y cualquier precepto de la Ley Hipotecaria o de su reglamento que se oponga a dicha ley, ha sido derogado por ella.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Francisco González Fagundo.*

El registrador compareció en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública de 15 de noviembre de 1896, Don Rodulfo Leoncio Pérez y Polanco, dueño entonces de la hacienda "Providencia," radicada en el término municipal de Humacao, segregó de ella y vendió a Don Antonio Roig Torrellas una parcela de doce cuerdas de terreno con los edificios, establecimientos, maquinaria y dependencias que en esa porción existían, conviniéndose por la cláusula 6ª. de dicho contrato que el vendedor se obligaba a permitir por los terrenos de su finca "Providencia" y sin perjuicio de sus plantaciones, los caminos que el comprador considerase necesarios.

La expresada venta fué inscrita en el Registro de la Propiedad de Humacao, y también lo fué la servidumbre convenida en la cláusula mencionada, tanto con relación al predio sirviente que conservó el nombre de "Providencia," como en cuanto al predio dominante segregado, que vino a recibir el nombre de "El Ejemplo," sin que tales inscripciones hayan sido canceladas en el registro de la propiedad.

Muerto Don Rodulfo Pérez Polanco, fué dividida la finca "Providencia" entre sus herederos, y adjudicado a su hija Doña Julia Ana María Pérez y Sánchez una porción de 53 cuerdas 75 centavos de otra, que como finca independiente y con el nombre de "Vega del Recreo," fué inscrita en el registro de la propiedad, sin expresión de la condición estipulada en la escritura de 15 de noviembre de 1896.

Así las cosas, presentó Don Antonio Roig Torrellas al Registrador de la Propiedad de Humacao, la escritura de 15 de noviembre de 1896, con un escrito en el que le pedía hiciera constar en la finca "Vega del Recreo," adquirida por Doña Julia Ana María Pérez y Sánchez, a título de adjudicación por herencia testada, la servidumbre estipulada en dicha escritura, por ser una porción del predio sirviente que se llamó

"Providencia," y en razón a que si un predio sirviente se divide entre dos o más, la servidumbre no se modifica y cada uno de ellos tiene que tolerarla en la parte que le corresponda.

La inscripción de servidumbre solicitada fué denegada por el registrador mediante nota de 15 de mayo de 1911, por la única razón de *aparecer que la citada finca "Vega del Recreo" fué inscrita a favor de Doña Julia Ana María Pérez y Sánchez libre de dicha servidumbre, por virtud de un título posterior al de constitución de la misma (art. 17 de la Ley Hipotecaria), tomando en su lugar la anotación por 120 días que dispone la ley.*

Interpuesto contra la nota expresada recurso gubernativo, fué aquélla revocada por resolución de esta corte de 11 de octubre de 1911 (17 Dec. de P. R., 954), ordenando se verificara por el registrador la inscripción solicitada; pero lejos de verificar el registrador dicha inscripción, volvió a denegarla por medio de la siguiente nota:

"Denegada la inscripción de servidumbre que en virtud de la cláusula 6ª. de este documento ha sido solicitada en cuanto a la finca 'Vega del Recreo' compuesta de 53 cuerdas 75 centavos y sita en el barrio Teja de esta jurisdicción, como parte que era de la denominada 'Providencia' por hallarse dicha finca 'Vega del Recreo' inscrita en la actualidad a favor de G. Martínez y Compañía, por título de compra, libre de tal gravamen, tomando en su defecto anotación por 120 días, de acuerdo con la ley, en el tomo 28 de Humacao, al folio 153 vuelto, finca número 1199, anotación letra B.  Humacao, 11 de noviembre de 1911.  Miguel Planellas, Registrador de la Propiedad."

Esa nota ha sido recurrida por Don Antonio Roig Torrellas y es la materia del presente recurso.

Hemos examinado la documentación acompañada al recurso y de ella aparece que con fecha 27 de febrero de 1911 fué inscrita en el Registro de la Propiedad de Humacao una escritura otorgada en 29 de diciembre del año anterior ante el Notario Don Antonio de Aldrey, por la que Doña Julia Ana María Pérez y Sánchez vendió la finca denominada "Vega del Recreo," adquirida por adjudicación en la testamentaría

de Don Rodulfo Leoncio Pérez y Polanco, a la mercantil ''G. Martínez y Cía.'' por precio de 12,500 dollars, bajo las condiciones que en dicho documento se expresan, sin hacerse mérito de la servidumbre de que se trata.

.Como se ve, la inscripción de la escritura de venta otorgada por Doña Julia Ana María Pérez y Sánchez a favor de G. Martínez y Compañía, fué hecha en el Registro de la Propiedad de Humacao con anterioridad al 15 de mayo de 1911, en que el registrador denegó a Don Antonio Roig Torrellas la inscripción de servidumbre sobre la finca ''Vega del Recreo,'' por el único fundamento de haber sido inscrita dicha finca libre de dicha servidumbre, a favor de Doña Julia Ana María Pérez y Sánchez y a virtud de un título posterior al de su adjudicación. No hizo entonces el registrador la más ligera indicación de estar inscrita la finca libre de servidumbre, como ya lo estaba, a favor de la sociedad G. Martínez y Compañía, habiendo venido a exponer ese motivo al denegar nuevamente la inscripción en la nota hoy recurrida de 15 de noviembre de 1911.

El registrador al extender dicha nota se extralimitó en el uso de sus facultades, pues éstas quedaron limitadas después de la resolución de esta Corte Suprema de 11 de octubre de 1911, ordenando. la inscripción, a practicar las operaciones necesarias para llevarla a cabo, sin que le fuera entonces permitido traer a discusión la procedencia o improcedencia de la inscripción por otro motivo distinto del ya consignado en la nota de 15 de mayo de 1911, pues cuando el registrador deniega una inscripción es su deber reunir en una sola nota todos los motivos legales de su negativa, según jurisprudencia ya establecida por la Dirección General de los Registros de España, ratificada por la sección 1ª. de la ley sobre recursos contra las resoluciones de los registradores de la propiedad, aprobada en marzo 1º. de 1902. La exposición de unos motivos sin consignar otros, demuestra que aquellos solos han influído en la mente del registrador al denegar la inscripción, y así el debate originado entre la parte interesada y el regis-

trador con motivo de nota denegatoria de inscripción, queda contraído únicamente a la discusión sobre procedencia o improcedencia de aquellos motivos, y la resolución que se dicte en el recurso gubernativo es ejecutoria y causa estado en el orden administrativo respecto al caso que lo motiva, sin que sea lícito levantar de nuevo el mismo caso con infracción del incontestable principio que prohibe el fallar dos veces el mismo asunto por una misma autoridad. Si se admitiera la doctrina contraria, nunca se constituiría en el orden gubernativo un estado de derecho serio y estable. La parte que obtuviera en su pro una resolución en recurso gubernativo, se vería envuelta tantas veces en otros tantos recursos cuantas fueran las razones que por partes pluguiera después al registrador invocar, aunque éstas ya existieran al consignar la nota que motivó el recurso decidido como sucede en el presente caso.

En apoyo de la doctrina que sostenemos, podemos citar las resoluciones de la Dirección General de los Registros de España de 4 de Febrero de 1867, de 14 de enero de 1893, de 21 de noviembre de 1899 y de 30 de noviembre de 1897.

No cabe discutir si la nota recurrida se sostiene o nó por el fundamento que la motiva. Ello equivaldría a traer nuevamente a discusión un caso ya anteriormente resuelto con carácter ejecutorio.

Alega el registrador que por error clerical no se consignó en la nota denegatoria de inscripción de 15 de mayo de 1911 la razón fundamental de dicha denegatoria, consistente en que la finca ''Vega del Recreo'' se hallaba inscrita por título de compra a favor de G. Martínez y Compañía, libre del gravamen que se trata de imponerle.

Tal alegación es inadmisible, pues no hay razón alguna que la justifique.

Ha comparecido en el presente recurso la sociedad G. Martínez y Compañía solicitando se le admita a intervenir en el mismo a los solos efectos de sostener la nota recurrida, a cuyo fin ha presentado alegato escrito.

La Ley sobre recursos contra resoluciones de los registra-
dores de la propiedad, de marzo 1°. de 1902, no reconoce tal
derecho a G. Martínez y Compañía, como lo demuestra la
simple lectura de las secciones 1ª., 2ª., 3ª. y 5ª. de la citada ley.

Las únicas partes en el presente recurso son Don Antonio
Roig Torrellas, que presentó el documento para la inscrip-
ción de servidumbre y el Registrador de la Propiedad de Hu-
macao que la denegó.

Cualquier precepto de la Ley Hipotecaria o de su Regla-
mento que pueda invocar la sociedad G. Martínez y Compañía
en su favor, ha sido derogado por la sección 10 de la ley de
marzo 1°. de 1902.

Si la mencionada sociedad sufre algún perjuicio puede
ejercitar su derecho en la vía correspondiente, pero no en la
gubernativa.

Por las razones expuestas, opinamos que procede la revo-
cación de la nota recurrida, sin dar intervención en el pre-
sente recurso a la sociedad G. Martínez y Compañía, ordenán-
dose al registrador que verifique la inscripción de servidum-
bre denegada, sin perjuicio de que la expresada sociedad pue-
da ejercitar los derechos de que se crea asistida, en la vía
correspondiente.

*Revocada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del
Toro y Aldrey.