CALDERÓN ET AL., RECURRENTES, *v.* EL REGISTRADOR DE ARECIBO, RECURRIDO.

Recurso gubernativo contra nota del Registrador de la Propiedad de Arecibo denegando la inscripción de una escritura de compraventa.

No. 545.—Resuelto en enero 15, 1923.

ESTADO CIVIL—IDENTIDAD DE LA PERSONA—DEFECTO SUBSANABLE.—En el registro de la propiedad aparece inscrita una finca a nombre de A. adquirida bajo el estado civil de viuda. La corte de distrito competente declaró herederos de

A, fallecida siendo soltera, a sus hijos naturales reconocidos, quienes vendie-
ron la finca expresando en la escritura que en el título de adquisición de
su causante se hizo constar equivocadamente, por el mismo notario que auto-
riza la venta, que la compradora A era viuda. Recurrida la nota que negó
la inscripción de la declaratoria de herederos y de la venta hecha por éstos,
*se resolvió:* que si bien la contradición constituye un defecto subsanable, por
sí sola no es motivo para negar la inscripción, ya que son idénticos el nom-
bre y apellidos y que la documentación revela que se trata de la misma
persona.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. V. Polanco de Jesús.*

El registrador recurrido compareció por escrito.

El Juez Asociado Sr. Hutchison, emitió la opinión del
tribunal.

Ciertos hijos naturales reconocidos fueron declarados
únicos y universales herederos de Pilar Calderón Ortega,
quien falleció siendo soltera y sin otorgar testamento.

Estos herederos en su capacidad de vendedores en una
escritura de compraventa declaran solemnemente que los
únicos bienes dejados por su madre natural fallecida es la
finca objeto de dicha venta, la que fué adquirida por virtud
de cierto documento público otorgado ante el mismo notario,
en el cual se hizo constar equivocadamente que Pilar Calde-
rón Ortega era viuda siendo en realidad el hecho que siempre
fué soltera. El notario que redactó ambas escrituras certi-
fica en el último documento que a su juicio las partes tienen
la capacidad legal necesaria para el otorgamiento de la escri-
tura, y al final de la misma sin hacer ninguna indicación de
reserva o limitación certifica además en cuanto al contenido.

El registrador denegó la inscripción de la declaratoria de
heredero, en cuanto se refiere a la finca descrita en la escri-
tura citada en último término, ''por aparecer inscrita dicha
finca a favor de Pilar Calderón Ortega, de estado viuda, se-
gún el registro, persona distinta de la finada Pilar Calderón
Ortega, que lo era de estado soltera, según los documentos
presentados.''

Fué asimismo denegada la inscripción de la escritura por

aparecer inscrita la finca vendida, a favor de "Pilar Calderón Ortega, persona distinta de los enajenantes."

La propiedad no está inscrita, como alega el registrador, a favor de una persona que necesariamente no es la madre de los recurrentes. La finca está situada en el municipio de Morovis, inscrita con el nombre y los dos apellidos de la madre de los recurrentes. El mero hecho de que Pilar Calderón Ortega al adquirir la finca dijera que era viuda no duplica su identidad individual ni crea ninguna nueva entidad legal. Una mujer puede ser viuda de facto y sin embargo, dentro del tecnicismo legal no "una mujer casada cuyo esposo ha fallecido." Por ejemplo, según indica Bouvier, tomo 2, pág. 1228:

"Una mujer que sobrevive a un hombre con quien ha estado casado pero con respecto al cual había obtenido ella una declaración de nulidad del matrimonio, no es una viuda." 52 L. J. Ch. 239.

Pero el mero hecho de que tal mujer que desconoce la ley hubiera aceptado una escritura por la que se le traspasa una propiedad como viuda, apenas podría considerarse que invalida un subsiguiente traspaso hecho por ella como mujer no casada, o como soltera.

En el presente caso Pilar Calderón Ortega, madre de los vendedores, falleció en Morovis, donde la propiedad que aparece a nombre de Pilar Calderón Ortega, viuda, está situada. Los vendedores, como herederos de Pilar Calderón Ortega, "son la continuación de la personalidad jurídica de su causante." *López* v. *El Registrador,* 29 D. P. R. 2. Tanto el comprador como los vendedores son residentes de Morovis. La propiedad misma está valorada en $200 y puede ser que el comprador, conociendo los hechos preferiría tener un título inscrito con un defecto subsanable en vez de la molestia y el gasto de hacer que la anterior inscripción se ajuste a la verdad de los hechos.

Nuestra ley de evidencia, artículo 102, par. 25, en com-

pleta harmonía con la bien reconocida regla general incluye entre las presunciones disputables que en él se enumeran la de "identidad de persona, de la identidad de nombre."

Apreciadas todas las circunstancias y en ausencia de cualquier posible perjuicio a terceros, puede razonablemente asumirse que Pilar Calderón Ortega, viuda, y Pilar Calderón Ortega, madre de los recurrentes, son una y la misma persona. Si el hecho fuere distinto entonces la mención de un defecto subsanable que comprenda cualquier representación falsa en este sentido sería una notificación a todo el mundo de cualesquier derechos pertenecientes a la viuda, de tener algunos, o de sus supuestos causahabientes.

Véase también el caso de *Rodríguez* v. *El Registrador*, 29 D. P. R. 890.

Debe revocarse la nota recurrida y ordenarse la inscripción de los documentos sujetos a un defecto subsanable en la identificación de la causante de los vendedores como dueña según el registro.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Franco Soto.