Manrique, Recurrente, v. El Registrador de Guayama,
Recurrido.

No. 604.—*Sometido:* Diciembre 2, 1924. *Resuelto:* Diciembre 5, 1924.

Facultades de los Registradores—Fundamento de la Calificación—Negativa
de Inscripción por Defecto Distinto al Señalado Anteriormente. — La
doctrina de que no puede fallarse dos veces el mismo asunto, aplicada en
*Roig* v. *El Registrador*, 18 D. P. R. 11, no es de aplicación a un caso en
que el registrador califica como defecto subsanable el que en la nota que dió
lugar al recurso gubernativo había calificado como insubsanable.

Nota de *R. Pérez Mercado,* R. (Guayama), denegando inscripción de
escritura de compraventa de finca en subasta judicial. *Confirmada.*
A. L. López, abogado del recurrente; el registrador recurrido com-
pareció por escrito.

El Juez Asociado Señor Aldrey, emitió la opinión del tri-
bunal.

El Registrador de la Propiedad de Guayama se negó a
inscribir una escritura de compraventa de una finca que fué
otorgada como consecuencia de una subasta judicial en pro-
cedimiento ejecutivo hipotecario, fundándose en que no apa-
recía en forma alguna que el deudor hubiera sido requerido
de pago y en que los edictos anunciando la subasta fueron
publicados en tres días consecutivos en vez de serlo una vez
por semana durante el término de veinte días, y además
consignó en la nota denegatoria de inscripción la existencia
de varios defectos subsanables.   El comprador estableció re-
curso gubernativo contra esa calificación del registrador y
al resolverlo dijimos que el registrador había hecho bien en
negar la inscripción por no habérsele acreditado que el re-
querimiento de pago fué hecho, aunque como posiblemente
había tenido lugar esto podría acreditársele con el docu-
mento correspondiente; en cuanto al otro motivo para ne-
gar la inscripción declaramos que el haber sido publicados
los edictos para la subasta en tres días consecutivos y no
una vez por semana durante veinte días como requiere el
artículo 251 del Código de Enjuiciamiento Civil, que es apli-
cable a las ventas en procedimientos ejecutivos hipotecarios,
era una mera irregularidad que no hace inexistente el con-

trato; y con respecto a los defectos subsanables declaramos que existían los señalados por el registrador por lo que confirmamos la nota recurrida excepto por el segundo de los defectos insubsanables mencionados. Véase el caso de *Manrique* v. *El Registrador*, (pág. 544.)

Después de esa resolución el registrador convirtió la anotación preventiva que había tomado de la venta en inscripción definitiva por habérsele acreditado el requerimiento de pago y por los méritos de nuestra expresada resolución en cuanto a la manera en que fueron publicados los edictos, pero haciendo constar en esa inscripción como defecto subsanable que la publicación de los edictos para la venta fué hecha en tres días consecutivos, por lo que el Sr. Manrique ha establecido este nuevo recurso gubernativo alegando como único fundamento para él que la calificación recurrida infringe el principio de que no puede fallarse dos veces el mismo asunto, aplicado en el caso de *Roig* v. *El Registrador*, 18 D.P.R. 11.

El caso citado por el recurrente no es aplicable al presente pues lo que hizo el registrador en dicho caso fué negar por segunda vez una inscripción por motivos distintos de los que habían sido consignados en su primera negativa y que fueron objeto de resolución nuestra, mientras que en el caso presenté el Registrador no ha negado la inscripción ni expone un defecto que antes no consignara pues en su primera calificación hizo referencia a la manera en que los edictos fueron publicados, que estimó ser constitutiva de defecto insubsanable, y habiendo resuelto nosotros que no constituye tal clase de defecto sino una mera irregularidad en los procedimientos para la subasta, ha consignado en la nueva calificación el mismo defecto pero como subsanable.

No habiendo consignado el registrador en su calificación recurrida ahora un nuevo defecto que antes no expusiera en la primera calificación que fué objeto de resolución nuestra es improcedente el fundamento alegado para que la revoquemos y *debe ser confirmada.*