MANRIQUE, RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA, RECURRIDO.

No. 604.—*Sometido:* Enero 12, 1925. *Resuelto:* Febrero 26, 1925.

VENTA JUDICIAL—EDICTOS—CALIFICACIÓN ERRÓNEA.—Habiendo resuelto el Tribunal Supremo anteriormente en un recurso entre las mismas partes que la publicación de edictos durante tres días consecutivos en lugar de una vez por semana durante veinte días no constituye defecto insubsanable que impida la inscripción de la venta judicial sino una mera irregularidad que no afecta al comprador de buena fe, el registrador convirtió la anotación en inscripción, pero señalando como defecto subsanable la forma de publicación expresada. *Se resolvió:* que el registrador no debió consignar como defecto subsanable lo que el Tribunal Supremo no había declarado que lo era y además que no constituye defecto subsanable porque no puede ser subsanado para la venta e inscrita.

NOTA de *R. B. Pérez Mercado,* R. (Guayama), consignando como defecto subsanable la forma de publicación de edictos en una venta judicial. *Revocada.*

*A. L. López,* abogado del recurrente; el registrador compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El Registrador de la Propiedad de Guayama negó la inscripción de la venta judicial que motiva este procedimiento por varios defectos que consideró insubsanables, consignando además la existencia de otros subsanables, siendo uno de los insubsanables que los edictos anunciando la venta de la finca fueron publicados durante tres días consecutivos y no una vez por semana durante el término de veinte días; y en el recurso que fué establecido contra esa negativa de inscripción y por los defectos consignados como insubsanables decidimos en el recurso No. 590 de *Manrique* v. *El Registra-*

*dor,* de julio 12, 1924 (pág. 545), revocar la nota recurrida en cuanto a los defectos insubsanables y confirmarla por los subsanables, exponiendo en la opinión que se escribió para fundamentar esa resolución en cuanto al defecto en la publicación de los edictos, que era un error que no hacía inexistente el contrato y citamos el caso de *Trueba* v. *Martínez,* resuelto el 27 de junio de 1924 (pág 461), en el que dijimos que esa manera de publicar los edictos constituía una mera irregularidad que no afecta al comprador de buena fe.

En vista de esa resolución el registrador convirtió la anotación preventiva que había hecho por su negativa en inscripción pero consignando como defecto subsanable la manera en que fueron publicados los edictos, y por esto fué interpuesto el presente recurso gubernativo alegando como único motivo de él que el registrador infringió el principio de que no pueden consignarse motivos nuevos que no expusiera en su primera calificación, según dijimos en el caso de *Roig* v. *Registrador,* 18 D.P.R. 11; y habiendo confirmado nosotros esa calificación del registrador por el fundamento de que no era aplicable el principio citado porque el defecto consignado como subsanable era el mismo que fué puesto antes por el registrador como insubsanable, se nos pide que reconsideremos dicha resolución decidiendo de una vez que no existe tal defecto subsanable, pues es cuestión de importancia para el valor de la finca que quede inscrita sin ese defecto, si en realidad no existe; y aunque nuestra resolución fué técnicamente correcta, sin embargo, preferimos resolver ahora si la manera en que fueron publicados los edictos constituye o nó un defecto subsanable.

Al resolver nosotros el recurso No. 590, *supra,* entre las mismas partes, por la misma cuestión, y al resolver la nota entonces recurrida por los defectos insubsanables, siendo uno de ellos por la manera en que fueron publicados los edictos, no dispusimos que por tal motivo se consignara en el registro un defecto subsanable, como hemos hecho en otros casos, según puede verse en el recurso de *Calderón* v.

*El Registrador,* 31 D.P.R. 355, por lo que el registrador recurrido no debió alterar nuestra resolución consignando como defecto subsanable lo que nosotros no habíamos declarado serlo. Además, no constituyendo tal publicación de edictos un defecto que impide la inscripción, según hemos declarado, menos puede ser un defecto subsanable porque no puede ser subsanado para la venta hecha e inscrita.

Por lo expuesto debe dejarse sin efecto nuestra resolución de 5 de diciembre de 1924 *y en su lugar dictarse otra revocando la nota recurrida de 29 de septiembre de 1924 en cuanto consigna como defecto subsanable la manera en que fueron publicados los edictos para la subasta judicial.*