José González Clemente & Co., recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

No. 855.—*Sometido:* Noviembre 2, 1931. *Resuelto:* Noviembre 20, 1931.

*José Sabater,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La mercantil José González Clemente y Ca. compró en subasta judicial celebrada en un pleito una finca que estaba inscrita en el Registro de la Propiedad de San Germán a nombre de Juan E. Justiniano. Presentado ese título de adquisición en aquel registro fué negada su inscripción el 30 de abril de 1931 por los motivos que el funcionario encargado de dicha oficina consignó al pie de la escritura de compra que le fué presentada y tomó en la misma fecha anotación preventiva de su negativa por el término de 120 días. La mercantil compradora interpuso recurso gubernativo contra esa negativa

de inscripción y en 22 de julio siguiente este Tribunal Supremo revocó la nota recurrida (ante p. 719). El 18 de agosto siguiente, antes de transcurrir los expresados 120 días, fué presentado nuevamente en el registro el mencionado documento pero el registrador se negó a convertir la anotación preventiva tomada a favor de la mercantil en inscripción por estar ahora inscrita la finca a nombre de otra persona, Estanislao Vargas, que la compró en la subasta judicial celebrada en el juicio ejecutivo sumarísimo que promovió para el cobro de dos pagarés garantizados con hipoteca, inscrita antes que el embargo de la mercantil y la venta judicial a ella, según resulta de una extensísima nota argumentada del registrador. Contra esta última negativa se ha interpuesto este recurso gubernativo.

■■ Dice la mercantil recurrente que el registrador recurrido está desobedeciendo nuestra resolución en el caso No. 847, José González Clemente y Ca. v. Registrador de San Germán decidido el 22 de julio de 1931 (ante p. 719), en el que revocamos la negativa de inscripción de 30 de abril del mismo año y que está violando nuestra jurisprudencia en el caso de *Roig v. Registrador,* 18 D.P.R. 11, preceptiva de que al negar el registrador una inscripción debe consignar todos los motivos en que se funda y que no puede hacerlo en distintas ocasiones; pero esa doctrina no es aplicable al caso presente porque aquí se niega ahora el registrador a convertir la anotación preventiva ·en inscripción porque la finca se halla inscrita a favor de tercera persona, como lo es Estanislao Vargas, toda vez que el artículo 17 de la Ley Hipotecaria dispone que inscrito o anotado preventivamente en el registro cualquier título traslativo de dominio o de la posesión de los inmuebles o de los derechos reales impuestos sobre los mismos, no podrá inscribirse o anotarse ningún otro de igual o anterior fecha por el cual se transmita o grave la propiedad del mismo inmueble o derecho real.

Estando inscrita la finca a favor de otro comprador, está impedido el registrador recurrido de prescindir de esa ins-

cripción para verificar la que interesa el recurrente, sin que dada la naturaleza especial de este recurso, en el que no es parte la persona a cuyo favor está inscrita actualmente la finca, estemos autorizados para decidir en él que tal inscripción fué ilegalmente hecha por estar vigente la anotación preventiva tomada a favor de la mercantil recurrente, como ésta pretende en su alegato; o si, como dice el registrador, tal inscripción fué propiamente practicada por ser preferente la compra hecha por el crédito hipotecario. Mientras no sea cancelada la inscripción hecha a favor de Estanislao Vargas, se hace imposible la inscripción del título de la mercantil recurrente.

*Por lo expuesto la nota recurrida debe ser confirmada.*