TABOADA, RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de un expediente de dominio.

No. 377.—Resuelto en julio 26, 1918.

EXPEDIENTE DE DOMINIO — INSCRIPCIÓN — FACULTADES DEL REGISTRADOR. — De acuerdo con la jurisprudencia establecida por esta Corte Suprema, los registradores no están autorizados para examinar los fundamentos de las resoluciones judiciales, ni para apoyarse en la apreciación que hagan de la legalidad de esos fundamentos para denegar la inscripción de dichas resoluciones en el registro; pero esto no quiere decir que no tengan facultad para denegar la inscripción cuando de dichas resoluciones no consta que se hayan cumplido los requisitos exigidos por la ley como condición precedente para dictarlas.

NEGATIVA DEL REGISTRADOR — CITACIÓN DE LOS CAUSAHABIENTES Y DE LAS PERSONAS QUE TENGAN UN DERECHO REAL SOBRE LA FINCA.—Es ajustada a derecho la negativa del registrador a inscribir el dominio de una finca cuando de la misma sentencia resulta que sobre el inmueble existía una hipoteca a favor de una persona que no consta que fuera citada como la ley exige, y cuando no aparece con toda claridad quiénes eran los causahabientes de aquel de quien procedía la finca a los efectos de cumplir el requisito de su citación, por haber su causante fallecido.

LEY NO. 20 DE 11 DE MARZO DE 1918.—No estando en vigor la ley No. 20 de la
Asamblea Legislativa aprobada el 11 de marzo de 1918 cuando se dictó la
sentencia en el presente caso, no es de aplicación al mismo según se resolvió
en el de *Rivera* v. *El Registrador de Guayama* (pág. 625).

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Manuel A. Rivera.*

El registrador recurrido no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Ana Taboada presentó para su inscripción en el Registro
de la Propiedad de Guayama copia auténtica de una sentencia de la corte de distrito declarando justificado a su favor
el dominio de cierta finca, y el registrador negó la inscripción solicitada—

"Porque no consta de la resolución que precede que haya sido
citada la persona que en la misma aparece que tiene un derecho real
sobre la finca descrita; así como tampoco consta que hayan sido
citados todos los causahabientes de José Taboada y Bizozo padre de
la promovente toda vez que en dicha sentencia no aparece que sea
la única heredera de dicho causante, pues sólo se indica que fueron
citados los herederos, sucesores y causahabientes de los anteriores
dueños de domicilio desconocido, sin que se exprese quiénes fueran
éstos. Se hace constar el defecto subsanable de no ser firme la sentencia. Todo con arreglo a las reglas 1ª. y 2ª. del artículo 395 de
la L. H., infringidas en este caso; *Cruz* v. *Santiago,* 24 D. P. R. 324."

Convenimos con el recurrente en que de acuerdo con la
jurisprudencia establecida por esta suprema corte, los registradores no están autorizados para examinar los fundamentos de las resoluciones judiciales, ni para apoyarse en
la apreciación que hagan de la legalidad de esos fundamentos
para denegar la inscripción de dichas resoluciones en el registro, (véanse el caso de *Medina* v. *El Registrador,* 19
D. P. R. 1016 y los en él citados), pero esto no quiere decir
que no tengan facultad para denegar la inscripción cuando
de dichas resoluciones no consta que se hayan cumplido los
requisitos exigidos por la ley como condición precedente para
dictarlas, como sucede en el presente caso.

El artículo 395 de la Ley Hipotecaria dispone que en el

escrito iniciando un expediente de dominio se pedirá que se admitan las pruebas "con citación de aquel de quien procedan los bienes, o de su causahabiente y del ministerio fiscal," disponiendo también que "El juez dará traslado de este escrito al ministerio fiscal, citará a aquel de quien procedan los bienes o a su causahabiente, si fuere conocido, y a los que tengan en dichos bienes cualquier derecho real."

Y en el caso de *Cruz* v. *Santiago,* 24 D. P. R. 324, esta corte estableció la doctrina de que "Las reglas establecidas para la instrucción de los expedientes de dominio deben cumplirse estrictamente por ser de interés público," decidiendo además que adolecía "de defecto substancial la información practicada para acreditar el promovente de ella el dominio de bienes inmuebles adquiridos de sus padres por título hereditario, sin alegar en el escrito inicial del procedimiento quiénes eran los causahabientes de sus padres ni que aquél era el único heredero, requisito indispensable para la citación de los causahabientes en el primer caso o para prescindir de ella en el segundo."

Aplicada la ley y la jurisprudencia a este caso concreto, es necesario concluir que el registrador tuvo razón en los dos motivos de su negativa. De la misma sentencia consta que sobre la finca tenía una hipoteca doña María Costa y Simidey y sin embargo no consta que fuera citada como la ley exige, y en cuanto a la citación del causante de la promovente, su padre, aparece que murió, pero no se sabe si la promovente fué su única heredera o en otro caso quiénes fueron sus causahabientes, a los efectos de cumplir el requisito de la citación, también exigido por la ley.

El defecto subsanable existe. Si bien la ley No. 20 de la Asamblea Legislativa aprobada el 11 de marzo de 1918, dispone que en todos los procedimientos *ex parte* seguidos en las cortes de distrito en los cuales no exista oposición u objeción, se considerará firme la resolución final que los decida, desde el momento en que se dicte, tal ley no estaba aun vigente cuando se dictó la sentencia de que se trata en el pre-

sente caso.  Véase la decisión de esta corte en *Rivera* v. *El Registrador de Guayama,* (pág. 625.)

Llama la atención el recurrente en su alegato hacia la falta de cumplimiento por parte del registrador del artículo 19 de la Ley Hipotecaria.  En efecto la sentencia de dominio se presentó en el registro el 14 de julio y el 17 consignó el registrador su nota definitiva.  El artículo 19 prescribe que cuando el registrador notare alguna falta referente a la legalidad de las escrituras o a la capacidad de los otorgantes "la manifestará a los que pretendan su inscripción, para que, si quieren, recojan la escritura y subsanen la falta en el término que duran los efectos del asiento de presentación."  Puede verse que el espíritu de la ley es el de que el registrador dé a las partes contratantes el beneficio de su experiencia antes de que se tome ninguna acción definitiva.  De este modo sólo se recurrirá para ante esta Corte Suprema cuando en realidad de verdad exista una disparidad de criterio entre la persona que solicita la inscripción y el registrador.  En tal virtud llamamos en efecto la atención del Registrador de la Propiedad de Guayama hacia lo dispuesto en el artículo 19 de la Ley Hipotecaria y hacia sus comentarios por Galindo, página 145 del tomo 2 de la cuarta edición de su obra sobre la materia.

Con la anterior observación, opinamos que debe confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.