CONCEPCIÓN MORALES VIUDA DE FERNÁNDEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 952.—*Sometido:* Mayo 25, 1935. *Resuelto:* Junio 14, 1935.

*C. Domínguez Rubio,* abogado de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Concepción Morales viuda de Fernández trató de inscribir en el registro de la propiedad el dominio de dos fincas rústicas decretado a su favor por la Corte de Distrito de Guayama. Ambas fincas aparecen marcadas con las letras *A* y *B*. El título de la recurrente sobre estos inmuebles tiene su origen en la partición de bienes de su fenecido esposo Manuel Fernández Betancóurt. La recurrente obtuvo por adjudicación en las operaciones divisorias de dichos bienes un condominio de 3/7 partes de una finca de 25.75 cuerdas que su esposo había adquirido de los hermanos Marcelino, Roque y Hermenegildo Bermúdez López. Posteriormente esta finca, poseída en común con Gregorio Santos, fué dividida, correspondiendo a la viuda una parcela de once cuerdas, y el resto al otro condómine Gregorio Santos. Esta parcela de once cuerdas es la que aparece marcada con la letra *A*. La otra finca, que se marca con la letra *B,* se compone de seis cuerdas de terreno y fué adquirida también por adjudicación en las operaciones divisorias de los bienes referidos.

El registrador denegó la inscripción solicitada, en distintas fechas y en diferentes notas, por no consignarse el nombre de los sucesores legítimos de Fernández Betancourt, ni citárseles personalmente, ni por edictos, en el supuesto de que fueran de ignorado paradero. La recurrente sostiene que el expediente de dominio ha sido debidamente tramitado y que la citación de las personas a que se refiere el Registrador no es esencial ni necesaria para que dicho expediente adquiera validez legal. Sobre este extremo gira toda la controversia en este caso, que ambas partes sostienen con animado interés en sus extensos y laboriosos alegatos. La cuestión, por lo tanto, se reduce a resolver si han debido consignarse o no en la resolución de la corte, los nombres de los sucesores de don Manuel Fernández Betancourt como anteriores dueños de la finca, y si los mismos debieron haber

sido citados, como requisito previo para que pudiese dictarse la resolución judicial.

El artículo 395 de la Ley Hipotecaria dice, en lo pertinente, así:

"Todo propietario que careciere de título escrito de dominio, cualquiera que sea la época en que hubiese tenido lugar la adquisición, podrá inscribir dicho dominio justificándola con las formalidades siguientes:

"1. Presentará un escrito al juez de primera instancia del partido en que radiquen los bienes, o al del en que esté la parte principal, si fuese una finca enclavada en varios partidos, refiriendo el modo con que los haya adquirido, y las pruebas legales que de esta adquisición pueda ofrecer, y pidiendo que, con citación de aquel de quien procedan dichos bienes, o de su causahabiente y del Ministerio fiscal, se le admitan las referidas pruebas y se declare su derecho.

"2. El juez dará traslado de este escrito al Ministerio fiscal, citará a aquél de quien procedan los bienes o a su causahabiente, si fuera conocido, y a los que tengan en dichos bienes cualquier derecho real; . . . . . . . . . . . . . . . . . . . . . ."

A juicio de la recurrente, cuando un heredero solicita que se declare a su favor el dominio de una finca adquirida por herencia, debe citarse a los vendedores del causante y además a los condueños de la herencia, en su carácter de copartícipes estos últimos, y no como anteriores dueños. Los hijos, arguye la recurrente, ocupan el lugar del padre, constituyendo una continuación de su personalidad que no puede desdoblarse para obviar o evadir la citación del dueño anterior. Así es, en efecto, y por esta razón entendemos, de acuerdo con la recurrente, que requiriendo la ley la citación de aquél de quien procedan los bienes o de su causahabiente, debe citarse a la persona de quien adquirió el causante de la herencia. Esto no quiere decir, sin embargo, que los demás coherederos no deban ser citados como causantes inmediatos del heredero que promueve la información de dominio.

Comentando el artículo 404 de la Ley Hipotecaria española, equivalente al 395 de nuestra ley, dice Galindo y Escosura, tomo 4, pág. 659:

"También se ha preguntado si la regla primera es aplicable al caso de solicitar la declaración de dominio el mismo heredero de la persona de quien procedan los bienes, cuando ésta ha fallecido. Aunque es posible que el legislador, al redactar el artículo, no hubiese tenido presente este caso, nos parece indudable que, además de ser citados todos los coherederos, deberá serlo la persona de quien los hubiese adquirido el difunto, si fuere conocida. Si no hubiese más que el actor, bastará con que se cite al ministerio fiscal, y con que se publiquen los edictos, según previene la regla segunda, si tampoco fuese conocida la persona de quien los adquirió el difunto."

La recurrente conviene en que debe citarse a los coherederos en su carácter de copartícipes que fueron del inmueble. No está conforme, sin embargo, en que la citación se haga en el concepto de causahabientes. La división de la herencia, según los comentaristas del derecho civil, constituye un acto traslativo de propiedad. Al practicarse la división de los bienes, los herederos se ceden mutuamente derechos de condominio que se extendían a toda la propiedad. Como dice Manresa, cada heredero cede, en realidad, a sus copartícipes, el derecho de condominio que le correspondía en los bienes que a éstos se adjudican en el reparto, y obtiene, a su vez, de los demás, el derecho que a éstos pertenecía sobre las cosas que a él se le asignan. Puede que sea en este carácter de causante inmediato del heredero que solicita el dominio, más bien que de causahabiente del causante de la herencia, que deba citarse a cada uno de los herederos.

Entiende la parte recurrida que así como el vendedor del causante es anterior dueño, cada heredero lo es de los demás, una vez dividida la herencia. Rebatiendo los argumentos de la recurrente, dice así el registrador en su alegato:

"Ahora bien, aun cuando el registrador está conforme con la recurrente en cuanto a la necesidad de citar al dueño anterior al causante, sin embargo, no puede estarlo en cuanto a que los coherederos no son también anteriores dueños de los bienes, con derecho a citación. La recurrente establece muy sutiles distinciones entre los conceptos de herederos y anterior dueño. El vendedor del causante es anterior dueño de todos los sucesores, pero cada heredero lo es de los demás, una vez dividida la herencia. Por muerte del causante, el viudo y los

sucesores legítimos quedan en comunidad hereditaria. La partición da fin a la comunidad y cada partícipe, el viudo inclusive, adquiere la parte correspondiente a su herencia o gananciales, con exclusión de los demás condueños. Al cesar la comunidad, todos los comuneros se enajenan recíprocamente su participación en los bienes aislados y exclusivos de cada partícipe, y vienen a ser, mutuamente, vendedores entre sí, o permutantes, más correctamente expresado. La partición envuelve tan recíprocas prestaciones entre los otorgantes, que todos quedan mutuamente obligados al saneamiento para caso de evicción, lo mismo que compradores corrientes, y es práctica generalizada consignar esta obligación como pacto expreso en las particiones.

"  *　　　*　　　*　　　*　　　*　　　*　　　*

"La recurrente establece también una sutil distinción entre un heredero y el cónyuge viudo. Desde luego, que el registrador no confunde la posición de unos y de otros, aunque es lo cierto que el viudo sucede al causante en calidad de usufructuario. Pero ¿qué diferencia existe entre la posición de herederos entre sí y la de los herederos y el viudo, con relación a los bienes que procedentes de la sociedad conyugal disuelta se dividen entre todos, adquiriendo unos por título hereditario y el otro por concepto de gananciales, a los efectos de la citación requerida, en los trámites de un dominio? ¿Cómo puede sostenerse, lógicamente, que cuando uno de los herederos tramita el dominio de bienes así adquiridos, tiene que citar a los demás miembros de la sucesión, con quienes adquirió en comunidad a título de herencia, y en cambio el viudo no viene obligado a efectuar igual citación? Tan comuneros fueron los herederos entre sí antes de la partición, como lo fué el viudo en todos los bienes relictos. Y si los herederos, por virtud de la partición, son mutuamente anteriores dueños, no lo es menos el viudo. En igualdad de circunstancias, no cabe aplicar la ley de una manera distinta."

El comentarista Manresa, hablando en términos generales de la partición, se expresa así:

"La división o partición de la herencia ¿es un acto *traslativo* de propiedad o simplemente *declarativo?*

"En derecho romano, la partición era un acto de traslación de propiedad, una verdadera enajenación, y así se sostiene también por la mayoría de los tratadistas.

"La división, dice Losana, por su propia esencia y naturaleza, es un acto de traslación o conmutación de dominio. La comunidad representa sólo un derecho de propiedad meramente abstracto, que se exterioriza en la facultad que indeterminadamente corresponde a todos

los partícipes sobre cada una de las cosas comunes. Si se enajena una fracción cualquiera, el adquirente tiene en realidad por causantes inmediatos a todos los coherederos. Al procederse a la división, y por virtud de la misma, cada heredero cede, en realidad, a sus copartícipes el derecho de condominio que le correspondía en los bienes que a éstos se adjudican en el reparto, y obtiene a su vez de los demás el derecho que a éstos pertenecía sobre las cosas que a él se le asignan.

"Si a una sucesión son llamados dos herederos, *A* y *B* y quedan dos fincas, una huerta y un olivar, cada una de estas fincas pertenece en su totalidad a ambos herederos. La entidad propietaria está representada por *A* y por *B*. Al practicarse la partición y adjudicarse a *A* el olivar, y a *B* la huerta, *B* cede a *A* sus derechos sobre el olivar, y *A* cede a *B* sus derechos sobre la huerta, con lo que se evidencia que existe una nueva transmisión y adquisición distinta y separada de la primera, que por causa de muerte tuvo lugar del causante a sus herederos, y así *A* tiene en la división por transmitente inmediato a *B*, y *B* a *A*. Simula el acto una verdadera permuta." 7 Manresa, 661, 662.

"Como dijimos en las *ideas generales,* la partición de la herencia envuelve en realidad un acto de traslación de la propiedad." Id., pág. 794.

Alega la recurrente que adquirió la finca objeto del expediente de dominio a título de gananciales y no por herencia, y que los sucesores de Manuel Fernández Betancourt no son coherederos del cónyuge supérstite. Sin parar mientes en la cuota usufructuaria a que tiene derecho el cónyuge viudo y aceptando para los efectos de la discusión que los sucesores de Fernández Betancourt no son coherederos de la viuda, tendríamos siempre que todos fueron copartícipes hasta el momento de la división de los bienes. La sociedad de gananciales cesa con la muerte de uno de los cónyuges, pero los bienes quedan mezclados y confundidos provisionalmente hasta el momento de la división. Mientras tanto hay un fondo común en el que se hallan interesados todos los partícipes, entre los cuales figura la viuda con la mitad de los bienes en concepto de gananciales y la cuota usufructuaria que le asigna la ley. Los bienes, por lo tanto, mientras no se dividan, se mantienen prácticamente en un estado de comu-

nidad. "La división de los bienes en común es traslativa y no declarativa de la propiedad, porque con aquel acto los derechos dominicales del condueño no se alteran en modo alguno al dividirse las cosas comunes entre los adjudicatarios, sino que simplemente se trasmiten y consolidan, variando en conclusión no la esencia, antes bien, la forma del derecho real de dominio." 3 Manresa, 527, tercera edición.

La viuda, a nuestro juicio, está colocada en lo que respecta a la transmisión de la propiedad, en la misma posición que los herederos. En este respecto no los separa diferencia alguna, porque unos y otros son dueños de la propiedad en común. Supongamos, por ejemplo, que ninguno de los cónyuges ha fallecido, pero que la sociedad de gananciales ha quedado extinguida por haberse disuelto el vínculo matrimonial, y que después de hecha la partición de los bienes uno de los cónyuges promueve la información de dominio sobre un inmueble que le fué adjudicado y que pertenecía a la sociedad de gananciales. ¿Estaría el promovente obligado a citar al otro cónyuge como causante inmediato? Puede que sí, del mismo modo que en una herencia deben citarse los demás coherederos, cuando es un heredero el que promueve la información de dominio. En el presente caso el hecho de que la sociedad se haya disuelto por muerte de uno de los cónyuges no introduce variación alguna. Si el causante fué copartícipe, sus herederos también lo continúan siendo, hasta que los bienes hayan sido divididos.

En los casos de *Cruz* v. *Santiago,* 24 D.P.R. 324, *Taboada* v. *Registrador,* 26 D.P.R. 662, y *Cancel* v. *Registrador,* 28 D.P.R. 916, se decidió que en las informaciones de dominio instadas por uno de los herederos deben citarse los demás herederos, a los cuales se designa con el nombre de causahabientes. Cualquiera que sea el significado y alcance de la palabra causahabiente, ya se refiera a quien tiene derechos derivados de la persona que trasmitió la propiedad al causante de la herencia o a los sucesores de este último, la realidad es que este Tribunal ha sostenido en diferentes decisiones

que los herederos deben ser citados. En el caso de *Cancel* v. *Registrador,* supra, este tribunal se expresó así:

"Si bien los registradores no están autorizados para examinar los fundamentos de las resoluciones judiciales ni para apoyarse en la apreciación que hagan sobre la legalidad de los fundamentos para negar la inscripción de dichas resoluciones en el Registro, según alega el recurrente y dijimos en el caso de Taboada contra El Registrador de Guayama, 26 D.P.R. 662, en el que hicimos referencia en cuanto a este extremo al de Medina contra El Registrador, 19 D.P.R. 1016, y casos en él citados, sin embargo, según también declaramos en el mismo caso eso no quiere decir que los registradores no tengan facultad para denegar la inscripción cuando en dichas resoluciones no consta que se hayan cumplido los requisitos exigidos por la ley como condición precedente para dictarlas; y como según el artículo 395 de la Ley Hipotecaria en la petición inicial de los expedientes de dominio debe pedirse que se cite a aquél de quien procedan los bienes o a sus causahabientes, habiendo muerto Gordiano Cancel, de quien procedía la parcela de 10 cuerdas, ha tenido que pedirse que fueran citados sus causahabientes y por tanto debe aparecer de la declaración de dominio que fueron citados, no siendo suficiente que se haya declarado que fueron citados los anteriores dueños porque muerto Gordiano Cancel tenía que citarse a sus herederos o causahabientes y constar este hecho en la resolución por lo que no consignándose este particular procedió correctamente el registrador recurrido al negarse a inscribir la parcela de diez cuerdas."

No hay razón alguna para modificar la doctrina establecida por este tribunal en las decisiones citadas, y aunque en este caso la información de dominio ha sido instada por la viuda, que únicamente es heredera en la cuota usufructuaria, opinamos que ha debido citarse también a los sucesores de Manuel Fernández Betancourt, quienes, en unión de la viuda, poseyeron los bienes en común hasta el momento de su división.

*Deben confirmarse las notas recurridas.*