Cornelio Maldonado Gutiérrez, recurrente, *v.* El Registrador de la Propiedad de Utuado, recurrido.

Núm. 1029.—*Sometido:* Noviembre 7, 1938. *Resuelto:* Diciembre 9, 1938.

*Antonio E. Suliveres,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La Corte de Distrito de Arecibo declaró justificado el dominio sobre cierta finca de 10 cuerdas en el barrio Salto Arriba del término municipal de Utuado, a favor de Cornelio Maldonado Gutiérrez.

El Registrador de la Propiedad interino denegó la inscripción del título "toda vez que del texto de la resolución y sentencia a que el mismo se contrae no aparece que se haya cumplido con todos los requisitos exigidos por el artículo 395 de la Ley Hipotecaria, entre ellos los más esenciales que determinan los artículos 1859 y 1860 del Código Civil de 1930." En su lugar tomó anotación preventiva por el término de 120 días. De dicha nota apeló el recurrente, no sin antes haber solicitado de la corte de distrito que enmendara la sentencia para conformarla con la nota del registrador, solicitud que la Corte de Distrito de Arecibo denegó excepto en cuanto a uno de los particulares, a saber, el que se refería al valor de la parcela en cuestión, que fijó en $300.

De la nota del registrador no aparece qué particulares faltan en la sentencia. De su alegato, sin embargo, consta que denegara la inscripción porque:

"De la referida Opinión y Sentencia no aparece que el Fiscal del Distrito haya sido notificado, ni se dice de quién procede la finca, de acuerdo con el inciso 6to. del Artículo 9 de la Ley Hipotecaria, que dice: 'El nombre y apellido de la persona, o el nombre de la Corporación o persona jurídica de quien procedan inmediatamente los bienes o derechos que deban inscribirse;' y en relación con dicho

inciso dice el artículo 30 de dicha Ley Hipotecaria, 'las inscripciones que carezcan de las circunstancias comprendidas en los números 1, 2, 3, 4, 5, 6 y 8 del artículo 9 son nulas.' "

■ A nuestro juicio debe sostenerse la nota denegatoria.

En cuanto al requisito de la citación, si bien es cierto que en la sentencia dice el juez que "se cumplieron con los requisitos de citación y comparecieron entonces los opositores . . .," etc., ha resuelto esta corte en los casos de *Morales Vda. de Fernández* v. *El Registrador,* 48 D.P.R. 674, 681; *Maldonado Sánchez* v. *El Registrador,* 37 D.P.R. 832; *Cancel* v. *Registrador,* 28 D.P.R. 916; *Taboada* v. *El Registrador,* 26 D.P.R. 662, y *Medina* v. *El Registrador,* 19 D.P.R. 1016, que no basta con declarar en la sentencia como mera conclusión, que se cumplieron los requisitos de citación, sino que es menester hacer constar en la resolución los hechos en que dicha conclusión se basa. Por tanto, no habiéndose hecho esto, procedió correctamente el registrador al negarse a inscribir la parcela de 10 cuerdas.

■ En cuanto a la procedencia de la finca, no aparece nada en la sentencia, a pesar de los términos precisos de los artículos 9, inciso 6to., y 30 de la Ley Hipotecaria, que respectivamente dicen así:

"Artículo 9.—Toda inscripción que se haga en el Registro expresará las circunstancias siguientes:

" .      .      .      .      .      .      .      .      .      .

"6a. El nombre y apellido de la persona, o el nombre de la Corporación o persona jurídica de quien procedan inmediatamente los bienes o derechos que deban inscribirse.

"Artículo 30.—Las inscripciones de los títulos expresados en los artículos 2 y 5 serán nulas cuando carezcan de las circunstancias comprendidas en los números 1, 2, 3, 4, 5, 6 y 8 del artículo 9, y en el número 1 del artículo 13."

*Debe confirmarse la nota recurrida.*

El Juez Presidente Señor del Toro no intervino.