JOSEFINA MACEIRA VDA. DE FUXÁ, demandante y recurrida, *v.* SEBASTIÁN TORRES AGUILAR, demandado y recurrente.

*Número:* 12619.  *Resuelto:* 25 de abril de 1962.

*Antonio Reyes Delgado,* abogado del recurrente; *Gilberto Ramírez Velazco* y *P. J. Santiago Lavandero,* abogados de la recurrida.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

Josefa Orcasitas Delgado casó, en primeras nupcias, con Rafael Maceira, de cuyo matrimonio le nació una hija, la aquí recurrida Josefina Maceira Orcasitas y, en segundas nupcias, con Ramón Torres Aguilar, de cuyo segundo matrimonio no tuvo hijos.  A su vez, la hija Josefina Maceira Orcasitas casó en únicas nupcias con Federico Fuxá Cuesta, de cuyo matrimonio le nacieron dos hijos: Gloria Fuxá Maceira y Federico Fuxá Maceira.  A su vez, Federico Fuxá Maceira casó con Estelvina Hernández y tuvo dos hijos nombrados José Ramón Fuxá Hernández y Federico Fuxá Hernández.

El 19 de mayo de 1942, Josefa Orcasitas Delgado y su segundo esposo Ramón Torres Aguilar, comparecieron ante el Notario Juan Enrique Géigel, y constituyeron un fideicomiso

sobre un solar y casa del barrio de Santurce, a favor del menor José Ramón Fuxá Hernández, biznieto de la otorgante Josefa Orcasitas Delgado, y el 8 de septiembre de 1944, los mismos Josefa Orcasitas Delgado y Ramón Torres Aguilar comparecieron ante el Notario Guillermo Silva y constituyeron un fideicomiso sobre otro solar y casa del barrio de Santurce a favor del menor Federico Fuxá Hernández, el segundo biznieto de la otorgante Josefa Orcasitas Delgado. Parece que antes de morir el 14 de febrero de 1955, Josefa Orcasitas Delgado otorgó un testamento, instituyendo como su única y universal heredera a su hija Josefina Maceira viuda de Fuxá, y que al momento de morir la testadora, no tenía bienes de clase alguna, con excepción de los que pudieran obtenerse de la anulación de los fideicomisos en aquella parte que afectare la legítima testamentaria de la aquí recurrida.

La única cuestión litigiosa sometida a este Tribunal es la siguiente: Si los fideicomisos en favor de los biznietos deben anularse en cuanto a una tercera parte—la de la legítima estricta—o en cuanto a dos terceras partes—legítima estricta más el tercio de mejora—según lo resolvió la ilustrada Sala sentenciadora. El recurrente alega que habiéndose establecido los fideicomisos en favor de dos biznietos, se puede validar la transmisión de bienes de los dos fideicomisos *inter vivos* en dos terceras partes, porque se puede mejorar a un biznieto y la recurrida alega que sólo puede validarse la transmisión de bienes en cuanto al tercio de libre disposición pues no se trata de un caso de mejora expresa.

El art. 846 del Código Civil de Puerto Rico (1930)—31 L.P.R.A. 874, sección 2553—dispone que: . . . "Quedan prohibidos y son igualmente nulos los fideicomisos constituidos con perjuicio o menoscabo de la legítima correspondiente a herederos forzosos, según lo preceptuado en este título", y el art. 874—31 L.P.R.A. 883, sección 2581—del mismo Código dispone que: "Nada de lo contenido en este capítulo se entenderá que derogue o modifique el sistema hereditario establecido por este título."

Tal vez sea conveniente añadir, que en este caso, no se trata de una sustitución fideicomisaria de carácter testamentario, sino de una declaración fideicomisaria de carácter contractual, por tratarse de un fideicomiso *inter vivos*, que participa de la naturaleza de un mandato irrevocable en toda aquella parte que no lesione los derechos legitimarios de los herederos forzosos del fideicomitente. Siendo esto así, no es difícil concluir, en cuanto al tercio de libre disposición, que la transmisión fideicomisaria *inter vivos* de dicho tercio libre queda sujeta al fideicomiso por ser una enajenación, declarada por ley, irrevocable.

Ahora bien, lo que plantea esencialmente este recurso, es que habiéndose hecho la declaración fideicomisaria en favor de unos biznietos, además del tercio de libre disposición, puede considerarse como anteriormente enajenado, en forma irrevocable, el tercio de mejora. Lo primero que se nos ocurre pensar, es que si se trata de una mejora contractual, la misma resulta revocable y por lo tanto, el posterior testamento de la recurrida puede considerarse como una revocación. Sabido es que la mejora, aunque se haya verificado con entrega de bienes, será revocable, a menos que se haya hecho por capitulaciones matrimoniales o por contrato oneroso con un tercero—art. 754 del Código Civil de Puerto Rico (31 L.P.R.A. 838, sección 2394) ninguno de cuyos dos supuestos está comprendido en esta cuestión: 14 Scaevola—Código Civil 498—(Edición Reus de 1944). Si bien, teóricamente, la transmisión de bienes en un fideicomiso se supone hecha a un tercero, el fiduciario, no se trata de un contrato oneroso, y de todos modos, la declaración de nulidad del art. 846 contenida en nuestro ordenamiento fideicomisario, alcanzaría a cualquier mejora de tipo contractual.

La recurrida tiene razón cuando alega que toda mejora debe ser expresa—Art. 752 del Código Civil de Puerto Rico (1930) (31 L.P.R.A. 837, Sección 2392) siendo las dos únicas excepciones las establecidas en los 711 y 755 del mismo Código, ambas de carácter testamentario, y por lo tanto, no

incluidas en esta cuestión: 5 Valverde—Tratado de Derecho Civil Español 287—(Edición Cuesta de 1939); V. Borrel y Soler—Derecho Civil Español 285—(Edición Bosch 1954); 6 Manresa—Comentarios al Código Civil Español 497— (Edición Reus de 1951); Guaroa Velázquez—Teoría de la Sucesión Testada Conforme al Derecho Puertorriqueño, pág. 30 (Edición mimeografiada de 1947).

Siendo nula, de acuerdo con el Art. 846 de nuestro Código Civil, toda transmisión fideicomisaria que lesione la legítima de los herederos forzosos, es claro que el momento de fijar la legítima de la recurrida, consistente en las dos terceras partes de la mitad de las propiedades transmitidas para el fideicomiso, debe procederse como si tales enajenaciones fideicomisarias no se hubieren efectuado y fijar el valor líquido de acuerdo con el primer párrafo del art. 746 de nuestro Código Civil.

*La sentencia dictada por el Tribunal Superior de Puerto Rico, Sala de San Juan, es correcta, y no procede la revisión de la misma.*