RAFAEL A. MORALES MORALES, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE UTUADO, recurrido.

*Número:* G-63-5 *Resuelto:* 22 de enero de 1964

*Jorge Marín Báez,* abogado del recurrente. El Registrador recurrido compareció por escrito.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Presentada al Registrador de la Propiedad de Utuado una copia certificada de la resolución dictada por el Tribunal Superior, Sala de Arecibo, ordenando la inscripción del dominio de determinada finca a favor del recurrente, Rafael A. Morales Morales, se denegó dicha inscripción por dos fundamentos, a saber, "que en la sentencia no se expresa que se haya citado personalmente los inmediatos anteriores dueños de la finca" y que "tampoco se expresa que los anteriores dueños y el promovente hayan poseído la misma en concepto de dueños de acuerdo con los Artículos 376 y 1841 del Código Civil."

La resolución en cuestión se presentó al Registro de la Propiedad de Utuado en 4 de marzo de 1963. El día 8 de dichos mes, el recurrido notificó por correo al recurrente el primer fundamento apuntado previamente. Luego de expresar el recurrente su inconformidad, notificó el Registrador

al recurrente, en 1ro. de abril de 1963, que había denegado la inscripción del documento el 29 de mes inmediatamente anterior y al efecto expuso los referidos motivos legales al calce del documento presentado. Transcurridos dos días sin que el recurrente recogiera el documento, lo remitió el Registrador a este Tribunal el día 3 del referido mes de abril, en cumplimiento de lo dispuesto por la ley (30 L.P.R.A. sec. 1772). El recurrente entonces radicó ante nos el presente recurso gubernativo en 10 de abril de 1963. Trataremos el asunto como un recurso gubernativo ordinario siguiendo la pauta sentada en *Nazario Figueroa* v. *Registrador*, 36 D.P.R. 773–776 (1927).

■ Solicita el recurrente que no consideremos el segundo fundamento de que la resolución no expresa que los anteriores dueños y el recurrente poseyeran la finca en concepto de dueños porque no se apuntó el mismo en ninguna de las notificaciones del Registrador. La Sec. 1ra. de la Ley de 1ro. de marzo de 1902 requiere que el Registrador exponga al pie del documento los motivos legales para denegar (30 L.P.R.A. sec. 1771). Así lo reafirma la jurisprudencia citada por el recurrente.(¹) El Registrador cumplió fielmente con dicho requisito en este caso. Pero el texto castellano de la citada ley, que es el que debe prevalecer (31 L.P.R.A. sec. 13),(²) no exige que igual exposición se haga en la notificación que de la negativa o suspensión debe dar el Registrador al interesado. De todos modos, el referido apuntamiento del Registrador carece de mérito ya que de las referencias en la resolución al

---

(¹)*Collazo* v. *Registrador*, 55 D.P.R. 445, 448 (1939); *Monserrate* v. *Registrador de Guayama*, 31 D.P.R. 640 (1923); *Graciani* v. *El Registrador*, 25 D.P.R. 44 (1917); *Echavarría et al.* v. *El Registrador*, 24 D.P.R. 87, 93 (1916); *Julio Godreau Co.* v. *El Registrador*, 23 D.P.R. 65 (1915); *Roig* v. *El Registrador de la Propiedad*, 18 D.P.R. 11 (1912).

(²)El Proyecto de la Cámara Núm. 75, "Sobre Recursos contra las Resoluciones de los Registradores de la Propiedad", que se convirtió en la Ley de 1ro. de marzo de 1902, fue presentada en 2 de febrero de ese año tanto en el idioma castellano como en el inglés y era de origen español.

recurrente y a los anteriores poseedores como dueños del inmueble resulta evidente que la poseyeron en concepto de dueño.

 El primer fundamento del Registrador denegando la inscripción del dominio en este caso, o sea, que en la resolución en cuestión "no se expresa que se haya citado personalmente a los inmediatos anteriores dueños de la finca", es un requisito prescrito por el Art. 395 de la Ley Hipotecaria (30 L.P.R.A. sec. 737). En *Ex parte Rosario*, 75 D.P.R. 698, 707 (1953), dijimos que en una información de dominio "La citación del dueño inmediatamente anterior, o de sus causahabientes, en su caso, debe ser personal, cuando ellos son conocidos o cuando se conoce su existencia y paradero, y ellos están en Puerto Rico, siendo indispensable tal citación personal, bajo esas circunstancias." En la resolución en cuestión se expresó que los anteriores dueños, mencionados por sus nombres y por lo tanto conocidos, "fueron *debidamente notificados* de acuerdo con la Ley y así mismo se notificó a las demás personas ignoradas a quien [sic] pudiera perjudicar la inscripción solicitada, *todo ello por medio de edictos que fueron publicados* . . . ." (Énfasis nuestro.) En la forma en que se redactó esta parte de la resolución, la expresión "todo ello por medio de edictos," separada del resto de la oración por una coma, necesariamente se refiere no tan sólo a las personas ignoradas sino también a los anteriores dueños. Y como no se informa en la resolución que se desconoce la existencia y paradero de los referidos anteriores dueños o que están fuera de Puerto Rico, no se han relacionado los hechos que justifican su citación por edictos. El referido requisito de notificación es de naturaleza jurisdiccional. *Sucn. Meléndez* v. *Almodóvar*, 70 D.P.R. 527 (1949); *Morales Vda. Fernández* v. *Registrador*, 48 D.P.R. 674, 681 (1935); *Febre* v. *Febre*, 40 D.P.R. 219 (1929). Dentro de su función calificadora, el Registrador puede y debe considerar la naturaleza y efecto de la resolución, si ésta se dictó en el juicio correspondiente, si en él se observaron los trámites y preceptos esenciales para su validez y si

el documento contiene las circunstancias que según la Ley Hipotecaria son necesarias para su inscripción, que incluye también una cuestión jurisdiccional como la apuntada por él en su nota en este caso. *Bermúdez* v. *Registrador*, 74 D.P.R. 151 (1952); *Báez* v. *Registrador*, 74 D.P.R. 813 (1953); *Pirela* v. *Registrador*, 65 D.P.R. 955 (1946); *Lebrón* v. *Registrador*, 63 D.P.R. 359 (1944); *Sucn. Trías* v. *Registrador*, 59 D.P.R. 460 (1941); *Cintrón* v. *Registrador*, 35 D.P.R. 805 (1926); *Suárez* v. *Registrador*, 35 D.P.R. 740 (1926). Cf. *Cordero Crespo* v. *Registrador*, 88 D.P.R. 826 (1963). En repetidas ocasiones hemos resuelto que no basta con declarar en la sentencia como mera conclusión que se cumplieron los requisitos de citación, sino que es menester hacer constar en la resolución los hechos en que dicha conclusión se basa y el dejar de hacerlo justifica que el Registrador deniegue la inscripción del dominio de la finca. *Maldonado* v. *Registrador*, 53 D.P.R. 929, 931 (1938).

*Por el fundamento de no expresarse en la resolución que los anteriores dueños fueron citados personalmente o, en su defecto, los hechos en que se basa su citación por edictos, se confirmará la nota recurrida.*