ROBERTO, GLORIA E IVÁN GERARDO CLAVELL RODRÍGUEZ, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE PONCE, recurrido.

*Número:* G-65-2    *Resuelto:* 10 de octubre de 1967

*Práxedes Álvarez Leandri,* abogado de los recurrentes; el Registrador recurrido compareció por escrito.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal. .

En el Registro de la Propiedad de Ponce presentóse una instancia para que se inscribieran seis inmuebles sitos en dicha demarcación a favor de los recurrentes don Roberto, doña Gloria y don Iván Gerardo, todos de apellidos Clavell Rodríguez, en su condición de fiduciarios testamentarios designados por don Cosme Clavell Rodríguez, y de los menores Gloria Milagros y Gustavo Clavell Rosa, como fideicomisarios. Se acompañaron los siguientes documentos complementarios: 1—copia certificada de la escritura del testamento

abierto otorgado por don Cosme Clavell Rodríguez, Núm. 66 de 2 de junio de 1956 ante el Notario don Práxedes Álvarez Leandri; 2—certificación expedida por el Secretario del Tribunal Supremo de Puerto Rico acreditativa de la inscripción de dicho testamento en el Registro de Testamentos y constancia de que no aparecía que el mismo hubiese sido revocado o modificado en forma alguna con posterioridad a su otorgamiento; 3—copia certificada de la escritura Núm. 66 de 29 de junio de 1962 ante el Notario don Práxedes Álvarez Leandri mediante la cual se protocolizó un documento suscrito por los recurrentes ante el Notario don R. Davis Vázquez aceptando los cargos de tutores y fiduciarios; 4—copia certificada de las cartas testamentarias expedidas a favor de los recurrentes por el Tribunal Superior, Sala de Ponce, en 7 de agosto de 1961; y, 5—el original del recibo de contribución de herencia expedido por el Secretario de Hacienda en relación con los bienes relictos por el testador mencionado.

En las disposiciones testamentarias que nos importan, el testador instituyó como herederos a sus hijos Gloria Milagros y Gustavo, por partes iguales en la totalidad del caudal hereditario; expresó que "[s]i bien por ministerio de ley doña Raquel Rosa, la madre natural de sus menores hijos tiene la patria potestad sobre ellos, velando por el bienestar y la educación de sus citados hijos, el testador ha creído conveniente el nombramiento de . . . tutores . . . por considerar el testador que la madre de los menores no tiene la suficiente preparación académica y la madurez intelectual y emocional necesarios [sic] para asumir la administración de los bienes de los menores y regir sus personas hasta proporcionarles una educación e instrucción esmeradas", por lo cual designó a los recurrentes como tutores de sus hijos, con relevación de la prestación de fianza; y, finalmente, constituyó un fideicomiso sobre todos sus bienes, nombrando fiduciarios a los recurrentes, sin prestación de fianza, para que una vez ocurrido su fallecimiento, "se posesionen de los bienes, los

administren, cobren las rentas que produzcan en favor de los menores hijos del testador . . . ." Estableció que el fideicomiso se prolongaría hasta que los hijos arribasen a la mayoridad, y, en extensión de facultades, autorizó a los fiduciarios a gravar y enajenar los bienes fideicomitidos si ello fuese útil, necesario y conveniente para los fideicomisarios, y a los fines de llevar a cabo la ejecución del fideicomiso.

El registrador extendió la nota que sigue que contiene su criterio de calificación:

"Inscrito este documento con vista de complementarios a favor de los fiduciarios . . . pero limitada la inscripción a las dos terceras partes de la misma equivalentes a los tercios de mejora y libre disposición, sujeto a la condición suspensiva de que la madre de los menores fideicomisarios acepte la herencia a nombre de ellos (Artículo 16 de la Ley Hipotecaria), denegándose la inscripción en los siguientes extremos: PRIMERO: Por cuanto la constitución del fideicomiso que se establece en la cláusula séptima no puede gravar ni condicionar la legítima de los menores beneficiarios en forma alguna, a tenor del Artículo 741, por tanto el fideicomiso impuesto debe entenderse reducido solamente a los tercios de mejora y libre disposición, quedando el tercio restante, constitutivo de la legítima en plena disponibilidad de los legitimarios, (Artículos 855 y 874 del Código Civil). SEGUNDO: En cuanto a la cláusula sexta por observarse que se constituye una tutela GENERAL O PLENA lo que equivale a privar a la madre de la patria potestad en su doble manifestación: sobre la persona y bienes de sus menores hijos, siendo ello contrario a los artículos 152, 153, 163 al 167 del Código Civil; y porque tal como aparece organizada la tutela no puede nombrarse tres tutores para desempeñar el cargo conjuntamente a tenor de lo preceptuado por el artículo 169 en relación con el 176 del Código. TERCERO: Rechazado como documento complementario el Acta de Protocolización número 66 otorgada ante el notario Práxedes Álvarez Leandri, el 29 de junio de 1962, por resultar contraria a los artículos tres de la Ley Hipotecaria, cincuenta y cincuenta y uno del Reglamento, ya que la protocolización de un affidavit no produce el efecto de elevarla a escritura pública, conforme a lo resuelto en el caso Ponce Real Estate

352

Corporation, Edison Puerto Rico Stores, Inc. v. Registrador, recurso número 1395, de 7 de febrero de 1963. . . ."

Contra la nota que antecede se interpuso recurso gubernativo. Los motivos señalados son: 1) que el recurrido erró al no inscribir en pleno dominio a favor de los fiduciarios los inmuebles que componen el caudal hereditario; y 2) que asimismo erró al denegar la inscripción por los otros tres motivos expuestos en su nota.

1. La recta aplicación de los Arts. 741—"El testador no podrá privar a los herederos de su legítima sino en los casos expresamente determinados por la ley. Tampoco podrá imponer sobre ella gravamen, ni condición, ni sustitución de ninguna especie, salvo lo dispuesto en cuanto al usufructo del viudo."—846 *in fine*—"Quedan prohibidos y son igualmente nulos los fideicomisos constituidos con perjuicio o menoscabo de la legítima correspondiente a herederos forzosos, según lo preceptuado en este título"—y 874 (¹)—"Nada de lo contenido en este capítulo se entenderá que derogue o modifique el sistema hereditario establecido por este título"— del Código Civil, 31 L.P.R.A. secs. 2367, 2553 *in fine* y 2581, sostiene la negativa del registrador recurrido a inscribir los bienes en su totalidad a nombre de los fiduciarios. Confrontados con una situación similar—la impugnación de unos fideicomisos *inter vivos* constituidos a favor de ciertos descendientes con preterición de la única heredera forzosa— expresamos en *Vda. de Fuxá* v. *Torres Aguilar*, 85 D.P.R. 285 (1962), a la pág. 288, que "Siendo nula, de acuerdo con el Art. 846 de nuestro Código Civil, toda transmisión fideicomisaria que lesione la legítima de los herederos forzosos, es claro que al momento de fijar la legítima de la recurrida,

---

(¹) Véase, *Álvarez* v. *Srio. de Hacienda*, 80 D.P.R. 16, 39–41 (1957), en donde, en la opinión concurrente del Juez Asociado Señor Belaval, se hace referencia a la preocupación cardinal de que la incorporación de la institución de los fideicomisos no alterará el sistema hereditario vigente, con su característica distintiva del sistema de legítimas.

consistente en las dos terceras partes de la mitad de las propiedades transmitidas para el fideicomiso, debe procederse como si tales enajenaciones fideicomisarias no se hubieren efectuado . . . ." El lenguaje de *Belaval* v. *Tribl. de Expropiaciones*, 71 D.P.R. 265, 273 (1950), en que pretenden ampararse los recurrentes, lejos de beneficiarles, fortalece la conclusión a que hemos llegado. Si bien "[e]n el . . . fideicomiso, los bienes que pertenecían al fideicomitente han sido trasmitidos al fiduciario, quien tiene todos los derechos y acciones correspondientes al *pleno dominio*, con la única limitación de que el traspaso se hace de acuerdo con lo que haya ordenado el fideicomitente, para beneficio del fideicomisario", ello es la mejor demostración de que en efecto se está limitando el derecho de los menores fideicomisarios a recibir su porción legítima en la extensión que determina la ley. (²)

---

(²) Observamos, de paso, que el registrador recurrido practicó la inscripción a favor de los fiduciarios tanto en cuanto al tercio de libre disposición como al de mejora. En su alegato cita el Art. 751 del Código Civil, 31 L.P.R.A. sec. 2391, que autoriza la imposición de gravámenes sobre el tercio de mejora cuando éstos se establezcan en favor de los legitimarios o sus descendientes, para concluir que dentro de la amplitud de gravámenes que pueden imponerse, cabe un fideicomiso como el que consideramos. La doctrina no parece sostener esta interpretación del precepto citado. Borrell y Soler, *Derecho Civil Español* (ed. 1954), tomo V, pág. 284, explica que: "Hemos visto que . . . [el art.] 824 dice que no podrán imponerse sobre la mejora otros gravámenes que los que se establezcan en favor de los legitimarios o de sus descendientes. Como la legítima se extiende a los dos tercios que no son de libre disposición, ha de entenderse que se extiende a las mejoras la prohibición de gravarlas, condicionarlas o disponer substituciones a favor de extraños (salvo en lo referente al cónyuge viudo) ; pero permite dichas limitaciones si se imponen a favor de algún legitimario o del que está en posibilidad de serlo. *Si éstos pueden ser mejorados directamente por el testador, no se ha de privar a éste de que los mejore indirectamente por la limitación impuesta a otro a quien ha mejorado.* El que recibe el dominio de una cosa como mejora y el que recibe un derecho real sobre dicha cosa, el que puede adquirirla más tarde por fideicomiso, resultan mejorados, aunque sea en distinta forma, por más que no se realice el modo más natural de distribuir una cosa material entre los mejorados." Véanse además, De Diego, *Instituciones de Derecho Civil Español* (ed. 1959), tomo III, pág. 248 y ss.; y, Fuenmayor, *Intangibilidad de la legítima, Anuario de Derecho Civil*, vol. I, págs. 46, 58–60 (1948). Por otro lado, conforme a la teoría de la

■ Los propios recurrentes arguyen que la transmisión que se pretende hacer a favor de los fiduciarios es "en pleno dominio y sin limitación o condición alguna", porque de lo contrario se frustraría la intención del testador y la ejecución del fideicomiso y se requerirá la intervención judicial en todas las ocasiones en que se intentare gravar o enajenar los bienes fideicomitidos. Precisamente la intención del testador es limitada por las disposiciones del derecho positivo que consagran la invulnerabilidad de la legítima.

■ También asiste la razón al recurrido al sostener que el acta de protocolización acompañada es insuficiente para acreditar válidamente la aceptación por los fiduciarios. El Art. 872 del Código Civil, 31 L.P.R.A. sec. 2579, no autoriza la inscripción de bienes inmuebles a nombre del fiduciario, a menos que junto con la escritura de fideicomiso no se presente también *la escritura de aceptación*. Concuerda con el Art. 850, 31 L.P.R.A. sec. 2557, preceptivo de que la aceptación expresa se hará en la misma forma en que se ha constituido el fideicomiso. Dedúcese pues que se requiere la escritura pública para consignar la aceptación, y no una declaración jurada, que no adquiere la categoría de escritura pública por el mero hecho de que se protocolice. *Ponce Real Estate Corp.* v. *Registrador*, 87 D.P.R. 215 (1963).

2. Como todo cuanto se interesó fue la inscripción de los bienes a nombre de los fiduciarios, huelga considerar la procedencia del fundamento aducido en la nota denegatoria relacionado con la designación de los tutores y el alcance de

division entre el título legal, que corresponde al fiduciario, y la propiedad en equidad, que descansa en los fideicomisarios, adoptada en *Álvarez* v. *Srio. de Hacienda*, 80 D.P.R. 16, 20 (1957), la constitución del fideicomiso sobre el tercio de mejora, no sería un mero gravamen a favor de los legitimarios sino un acto de disposición que vulneraría la cuota legítima misma. Considérese para ello que el título de los bienes fideicomitidos se inscribe a nombre de los fiduciarios, "como en el caso de cualquiera otra transmisión de dominio", dice el Art. 871 de dicho cuerpo legal, 31 L.P.R.A. sec. 2578.

sus facultades. Véanse, sin embargo, *Mercado* v. *Mercado*, 66 D.P.R. 811, 818–823 (1947) y *Concepción* v. *Latoni*, 51 D.P.R. 564 (1937). Así lo reconocen los recurrentes al afirmar que la cláusula sexta del testamento en nada afecta la inscripción de los bienes que se solicitó por su instancia.

*Se confirmará la nota recurrida.*