PÍO PÉREZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE AGUADILLA, recurrido.

Número: O-67-239    Resuelto: 5 de diciembre de 1967

*Calixto Calero Juarbe* y *Sonia M. Del Valle Rivera,* abogados del recurrente; el Registrador recurrido compareció por escrito.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

SENTENCIA

San Juan, Puerto Rico, a 5 de diciembre de 1967

El Tribunal Superior, Sala de Aguadilla, declaró justificado el dominio de una pequeña finca de treinta y siete céntimos y medio de cuerda a favor del recurrente Pío Pérez, quien tiene constituido su hogar seguro en la misma. En la resolución al efecto se hace referencia a que el promovente adquirió el inmueble en 1940 por compra a Eladio Cruz, soltero, mediante documento privado, y se relata que:

". . . admitida la información se dio al caso la tramitación dispuesta por la Ley Hipotecaria y su Reglamento y en orden dictada al efecto . . . se expidió emplazamiento que fue cumplimentado por Francisco Acevedo Santiago . . . según declaración jurada . . . resultando de tal emplazamiento que emplazó personalmente a Manuela Alameda Gutiérrez, esposa de Eladio Cruz quien le manifestó que Eladio Cruz, su esposo, falleció en Isabela, Puerto Rico, el día 22 de julio de 1963, conociéndose según información recibida por el emplazante de que el finado dejó quince hijos nombrados Severiano que falleció y se *desconoce* si dejó herederos y *sus paraderos*, Concepción, Pablo, Martina, Perfecta, Rosalía, Juan Ramón, María Luisa, Carmen María, Armina, Ernesto, Angelina, Teresa, Lucila y Alicia de apellidos Cruz Alameda, manifestándole doña Manuela que desconoce el paradero de dichos herederos e igual información recibió de los vecinos, profesores y comisario de barrio *se desconoce su paradero* citándose y convocándose por edictos . . . publicados en el periódico El Día . . . y a las personas ignoradas, sus herederos o causahabientes, respectivamente, a quienes pueda perjudicar la inscripción solicitada . . . ." (Énfasis nuestro.)

La Junta de Planificación informó que su intervención no era necesaria; el Departamento de Obras Públicas no formuló reparo a la solicitud; el Fiscal de Distrito evacuó un dictamen favorable.

Con posterioridad a la presentación para su inscripción de la copia certificada de la resolución, se acompañó una

declaración jurada de doña Manuela Alameda Gutiérrez, viuda de don Eladio Cruz, en la que hacía constar que todos sus quince hijos habían nacido antes de 1940, que todos son mayores de edad, casados, "otros han fallecido sin dejar herederos y viven fuera de Puerto Rico", y que ninguno de los hijos vive en su compañía.

El Registrador de la Propiedad de Aguadilla denegó la inscripción por nota que en su parte pertinente lee así:

" . . . observo que del documento aparece que el Peticionario adquirió la finca por compra a Eladio Cruz, soltero, en el año 1940, debiendo por tanto notificarse a dicho señor personalmente por ser el inmediato anterior dueño y expresando el documento que el indicado Eladio Cruz falleció en el año 1963 dejando 15 hijos, se desprende, de acuerdo con las anteriores fechas, que varios de ellos son menores de edad; no obstante ser así, doña Manuela Alameda madre de dichos 15 hijos y esposa del finado, según expresa dicha Resolución informó que desconoce el paradero de todos y cada uno de ellos habiéndose presentado con fecha bastante posterior a la presentación de Expediente de una declaración jurada por Doña Manuel Alameda Gutiérrez explicando por qué [*sic*] no se pudo notificar personalmente en dicho caso a sus 15 hijos, pero como el documento no es inscribible por no ser un documento público como hubiera sido el caso si se hubiera acompañado una resolución NUNC PRO TUNC conteniendo la explicación de la explicación de la declarante, procedo a DENEGAR . . . ."

En el alegato presentado en apoyo de la nota denegatoria el registrador recurrido insiste en que "si el anterior dueño era soltero en 1940 y fallece en 1963 dejando 15 hijos, se desprende claramente que hay entre ellos menores de edad muy tierna; y sin embargo, de la resolución aparece que el emplazante fue informado que uno de ellos falleció y se desconoce si dejó herederos y de los otros, la señora Alameda, madre de dichos 15 hijos, desconoce su paradero." De esto concluye que no se notificó a los herederos del inmediato anterior dueño con arreglo a la ley y, por tanto, carecía el

tribunal de jurisdicción. Aduce además que en la resolución no se expresa afirmativamente que los hechos que dieron margen a la citación por edictos se comprobaran "a satisfacción del tribunal", citando al efecto la Regla 4.5 de las de Procedimiento Civil.

El Art. 395 de la Ley Hipotecaria, según enmendado, 30 L.P.R.A. sec. 737, dispone en su inciso 2, que una vez presentado el escrito sobre la información de dominio, se *"citará"* a aquél de quien procedan los bienes o a su causahabiente, si fuere conocido, por medio de edictos. "Si los que hubieren de ser citados estuvieren ausentes de Puerto Rico y se supiere su paradero, se citarán por medio de edictos . . . y al tiempo de hacerse la primera publicación del edicto se les enviará copia de la citación por correo certificado a su dirección conocida. *Si se ignorare su paradero se les citará por medio de edictos* que se publicarán en la forma dispuesta en el párrafo primero de este inciso." (Énfasis nuestro.) Como dijimos en *Ex parte Rosario*, 75 D.P.R. 698, 707 (1953), "la citación del dueño inmediatamente anterior, o de sus causahabientes, en su caso, debe ser personal, cuando ellos son conocidos o cuando se conoce su existencia y paradero, y ellos están en Puerto Rico . . . (citas). *Si se desconoce la existencia o el paradero del dueño inmediatamente anterior o de sus causahabientes, ellos podrían ser citados por edictos* (citas) . . . ."(¹) (Énfasis nuestro.) Más recientemente, en *Morales Morales* v. *Registrador*, 89 D.P.R. 811

---

(¹) En el presente caso por tratarse de una finca en la cual el promovente tiene establecido su hogar seguro, y como tal, exenta del pago de la contribución territorial, no era indispensable recurrir a la citación mediante la publicación de edictos. Pudo dispensarse tal requisito y disponerse la citación en la forma provista en el párr. 4 del inciso 2, *supra*, o sea, mediante la fijación de los edictos en sitios bien visibles en cuatro edificios públicos—la Sala del Tribunal Superior en que se hubiese radicado el caso, la Alcaldía, el Tribunal de Distrito o Juzgado de Paz correspondiente al municipio en que radicare la finca, y la escuela pública del barrio.

(1964), afirmamos que de la resolución acreditando el dominio debe aparecer que los anteriores dueños fueron citados personalmente, o en su defecto, los hechos en que se basa su citación por edictos, o sea, que se desconoce su existencia o paradero o que se encuentran fuera de Puerto Rico.

■ Del documento presentado para calificación(2) surge claramente que se desconoce la existencia y el paradero de algunos de los causahabientes—los hijos de Severiano Cruz Alameda—y el paradero de los restantes herederos Cruz-Alameda, y que por ello se les convocó mediante la publicación de edictos. Eso es todo cuanto la ley exige. La especulación del recurrido sobre la existencia de hijos menores no puede impedir la inscripción.(3) Aunque así fuera, siempre se hubiese cumplido con lo que la ley dispone. De ser necesario aparece también que se convocó a la cónyuge viuda, madre de los hijos mencionados.

■ Sobre el otro reparo que se esboza en el alegato del recurrido, mas no en la nota denegatoria, baste decir que la citación ordenada en el Art. 395, *supra*, no es propiamente un emplazamiento. Interpretando una disposición similar— la citación de colindantes en el expediente posesorio—resolvimos en *Echevarría* v. *El Registrador*, 27 D.P.R. 264 (1919), que tal citación no tiene por propósito adquirir jurisdicción sobre las personas citadas sino el cumplimiento de un precepto legal. Otro tanto puede decirse en el presente caso.

Se revoca la nota denegatoria de fecha 23 de junio de 1967.

---

(2) Tiene razón el recurrido al no considerar la declaración jurada que se le presentó posteriormente. Véanse, *Clavell Rodríguez* v. *Registrador*, 95 D.P.R. 348 (1967), y *Pereira* v. *El Registrador de Caguas*, 28 D.P.R. 34 (1920).

(3) De los hechos también puede inferirse que los hijos nacieron antes de la celebración del matrimonio y fueron legitimados por el subsiguiente enlace.

Así lo pronunció y manda el Tribunal y firma el Señor Juez Presidente.

(Fdo.) Luis Negrón Fernández
*Juez Presidente*

Certifico:

(Fdo.) Joaquín Berríos
*Secretario*

